JAMES STRANG, Plaintiff in Error, *v.* MATTHEW KEITH, Defendant in Error.

*Error to Multnomah.*

Under the statutes of this State, regulating appeals from justices of the peace to the Circuit Courts, the filing of notice of appeal with the justice, and serving a copy on the adverse party; also, filing and executing a sufficient bond, are conditions precedent to an appeal, and must be complied with within twenty days after rendition of judgment by the justice ;—*Held,* that in default of these conditions, the Circuit Court had no jurisdiction.

MATTHEW KEITH brought suit, in the Recorder's Court of the city of Portland, against the plaintiff in error, for the sum of 97$\frac{65}{100}$ dollars. Upon the calling of the cause, the defendant below, James Strang, did not appear, and Keith had judgment by default. This judgment was entered on the 3d of April, 1860. On the 21st of April, as appears by a notice which is *said* to have been filed with the justice on that day,

the defendant notified the court of his intentions to appeal. The bond in appeal was filed, as appears by the record, on the 27th of April, and the justice, or recorder, acting as a justice of the peace, certifies in his docket that, on that day, he allowed the appeal.

In this condition the record and proceedings came into the Circuit Court; and, upon the calling of the cause, the plaintiff moved for judgment, for want of an answer, and the judgment was entered accordingly.

STRATTON, J. The plaintiff in error has brought the matter into this court, and assigns for error—

" That the court erred in rendering judgment against the defendant below—it not appearing that the notice of appeal from the justice of the peace was served on the plaintiff below."

With this state of facts, the question now is, had the Circuit Court jurisdiction and authority to render such judgment? Title 17, section 186, of the Statutes of 1855, relating to appeals from justices' courts to the circuit courts, provides, that such appeals shall be taken within twenty days after the judgment is rendered, &c., and shall be by filing a notice of appeal with the justice, and serving a copy on the adverse party, or his attorney. Section 187, of same title, further provides, " that no appeal shall be allowed, *in any case,* unless a written undertaking shall be executed on the part of the appellant," &c. These provisions of the statutes we deem imperative, and must be complied with before the Circuit Court could entertain any motion affecting the rights of the parties to the judgment below, other than a motion to dismiss the appeal. The transcript of the justice discloses a formal notice; but it nowhere appears, certainly, that such notice was ever filed with the justice, or that a copy was ever served on the opposite party. But, if these facts were not decisive of the whole question, the justice states explicitly, " that on the 27th day of April—twenty-four days after the rendition of the judgment by the justice—defendant filed his

bond, &c., for appeal; which bond was then approved and the appeal allowed." Clearly, this was too late to comply with an absolute condition precedent.

The judgment of the justice had fixed the rights of the parties, in respect to the subject-matter in litigation, beyond the questioning of any tribunal.

The Circuit Court, having no jurisdiction, its judgment is a nullity.

Judgment is reversed.