Decided 25 June, 1907.

### STATE v. CONNOLLY.

90 Pac. 902.

JUSTICES COURT—HOW TO APPEAL IN CRIMINAL CASE.

1. Under the provisions of Sections 2240, 2292 and 2298, B. & C. Comp., regulating the giving of notices of appeal in criminal cases before justices of the peace, the only method of showing that a notice of appeal was given in such a case in open court, which may be done, is by the justice's docket, where the fact that such a notice was so given is required to be recorded.

MOTION FOR RULE TO SUPPLY DEFECTIVE RECORD—SUPPORTING EVIDENCE.

2. A motion to require alleged omissions in a record to be supplied should be accompanied by some showing that the facts justify the action asked.

A motion to complete a diminished transcript by adding the facts regarding the giving of notice of appeal, is discreetly denied where there is no showing that any such notice was actually given or any entry concerning it made in the records of the trial court.

From Grant: GEORGE E. DAVIS, Judge.

Pat Connolly was convicted of a misdemeanor in a justice's court and appealed to the circuit court, where the appeal was dismissed. He now further appeals to this court.

                                        AFFIRMED.

For appellant there was a brief with an oral argument by *Mr. Victor G. Cozad.*

For the State there was a brief over the name of *J. W. Mc-Culloch,* District Attorney, with an oral argument by *Mr. Andrew Murray Crawford,* Attorney General.

Opinion by MR. CHIEF JUSTICE BEAN.

On August 4, 1906, there was filed in one of the justices' courts in Grant County an information charging the defendant with knowingly and wantonly moving two bands of sheep from Malheur County into Grant County without first having obtained a permit therefor, as required by Section 4277, B. & C. Comp. Connolly was arrested, tried, convicted and sentenced to pay fine of $150 and costs. From this judgment he attempted to appeal to the circuit court, but, on motion of the district attorney, the appeal was dismissed, because, among other reasons, no notice of appeal had been given or served upon the district attorney or private prosecutor. He appeals to this court.

1. The transcript from the justice's court does not contain a notice of appeal, nor a copy of an entry in the justice's docket, showing that oral notice had been given. Accompanying the transcript was a letter or certificate from the justice, addressed to the county clerk, stating that the defendant gave verbal notice of appeal in open court; but this is not sufficient. An appeal in a criminal action in a justice's court is taken in the same manner as an appeal from a judgment in a civil action, except that the notice must be served upon the district attorney or private prosecutor: Section 2292, B. & C. Comp. An appeal in a civil action is taken either by giving oral notice in open court at the time of the rendition of the judgment, or at any time within 30 days thereafter by serving a written notice on the adverse party or his attorney, and filing the original with the

justice, with proof of service indorsed thereon, and by giving an undertaking for costs and disbursements: Section 2240. Section 2198 provides that the justice must enter in his docket the fact of appeal having been made and allowed. Under these sections an appeal in a criminal action in a justice's court may be taken by giving oral notice in open court at the time the judgment is rendered, but this fact must be entered in the justice's docket, and the only proof of the notice is such entry.

2. The counter motion of the defendant for a rule on the justice to complete the transcript, if it had been allowed, would not have cured this defect. There was no showing accompanying the motion that the transcript was incomplete in this particular, or that notice of appeal had in fact been given, or that an entry to that effect had been made in the docket, and without some such showing there was no abuse of discretion in overruling the motion: *Hager* v. *Knapp,* 45 Or. 512 (78 Pac. 671).

The judgment will be affirmed.        AFFIRMED.