Submitted on record and appellant's brief January 23, affirmed May 19, reconsideration denied July 2, petition for review denied July 17, 1980 (289 Or 373)

## CITY OF PENDLETON,
### *Respondent,*
*v.*
## MARTIN,
### *Appellant.*

### (No. 7510, CA 15252)

611 P2d 318

Norval E. Baran, Tucson, Arizona, filed the brief for appellant.

No appearance for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

JOSEPH, P. J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## JOSEPH, P. J.

Defendant assigns as error the circuit court's dismissal of his appeal to that court from a municipal court conviction for two state traffic offenses. ORS 484.030. The circuit court found that the appeal was not properly filed due to defendant's failure to serve the district attorney with the notice of appeal as required by ORS 157.030:[1]

> "The appeal is taken in the same manner and within the same time as in the case of an appeal from a judgment in a civil action, except that the notice thereof shall be *served upon the district attorney for the county, or his deputy,* or upon the private prosecutor in the action; * * *." (Emphasis supplied.) ORS 157.030.

Defendant contends that "district attorney," as used in ORS 157.030, should be defined to include city attorney. As authority for this proposition, he cites ORS 131.005(8), which provides:

> "As used in sections 1 to 311, chapter 836, Oregon Laws 1973, except as otherwise specifically provided or unless the context requires otherwise:
> "* * * * *
> "(8) 'District attorney,' in addition to its ordinary meaning, *includes a city attorney as prosecuting officer in the case of municipal ordinance offenses,* a county counsel as prosecuting officer under a county charter in the case of county ordinance offenses, and the Attorney General in those criminal actions or proceedings within his jurisdiction." (Emphasis supplied.)

This definition, however, is expressly limited to "sections 1 to 311, chapter 836, Oregon Laws 1973." ORS 157.030 is not within those sections; in fact, ORS 157.030 was enacted in 1864, General Laws of Oregon 11, § 107, p 602 (Deady 1845-1864), and has been unchanged since 1953.

---

[1] Defendant had served the city attorney with notice of appeal.

Defendant failed to serve the notice of appeal on the proper party. Therefore, the circuit court did not have jurisdiction.[2]

Affirmed.

---

[2] Failure to serve notice of appeal on the proper party under ORS 157.030 is jurisdictional. Except for the requirement that notice be served on the district attorney, an appeal under ORS 157.030 is taken in the same manner as an appeal in a civil action. The relevant civil procedure statute, ORS 53.030, provides that "[w]hen the notice of appeal has been served and filed, the appellate court *shall have jurisdiction of the cause.*" (Emphasis supplied.) *See Strang v. Keith,* 1 Or 312 (1860); *see also State v. Connolly,* 49 Or 406, 90 P 902 (1907).