On respondent's motion to dismiss filed October 17, 1994, motion to dismiss denied
November 8, 1995

## CITY OF PENDLETON,
*Respondent,*

*v.*

## LOVEDA ANN ELK,
*Appellant.*

(97385; CA A84421)

905 P2d 237

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for the motion.

Loveda Ann Elk, *pro se, contra.*

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals her conviction in district court of driving uninsured in violation of ORS 806.010, which is a Class B traffic infraction. The state has moved to dismiss the appeal on the ground that defendant failed timely to serve the district attorney with her notice of appeal, and that that failure deprives this court of jurisdiction of the appeal. For the reasons that follow, we deny the state's motion.

Defendant was cited into Pendleton Municipal Court on a uniform traffic citation for the state infraction. She was tried and convicted of the charge. She then filed a notice of appeal in Umatilla County District Court, demanding a trial *de novo*. ORS 53.010-.030; ORS 153.595(1). The charge was retried in district court, and defendant was again convicted of it. She thereafter filed a notice of appeal in this court. ORS 46.250(1).

At the trial level, the City of Pendleton prosecuted the case for the state. Apparently because of the city's role in the prosecution, the district court caption lists the city as plaintiff. Consistent with that designation, defendant served the notice of appeal to this court on the Pendleton city attorney, as attorney for plaintiff.[1] The designation of the city as plaintiff was erroneous, however, because the state is the plaintiff in all cases charging state traffic infractions. *See City of Lake Oswego v. Mylander*, 301 Or 178, 183, 721 P2d 433 (1986).

After defendant filed her appellate brief in this court, the state moved to dismiss her appeal. In its motion, the state argues that an appeal from a judgment of conviction in district court of a state traffic infraction is governed by ORS chapter 138. ORS 138.081(1)(a)(A) provides that an appeal in a case governed by that chapter

"shall be taken by causing a notice of appeal in the form prescribed by ORS 19.029 to be served:

"(a)(A) On the district attorney for the county in which the judgment is entered, when the defendant appeals, or if

---

[1] Defendant also served the notice of appeal on a Pendleton police officer who, pursuant to ORS 153.180(2), tried the case for plaintiff. We do not address the effect of that service, however, because our decision makes it unnecessary to do so.

the appeal is under ORS 221.360[,] on the plaintiff's attorney."

The appeal in this case is not an appeal under ORS 221.360, so, according to the state, the notice of appeal had to be served on the district attorney for Umatilla County. Defendant did not do that. The state further argues that timely service of the notice on the district attorney is jurisdictional. The 30-day period in which to file and serve the notice has passed, as well as the 90-day period in which to seek leave to file a late notice of appeal in a criminal case. ORS 138.071. According to the state, then, the appeal must be dismissed for lack of jurisdiction.

We reject the state's argument because we conclude that the appeal of a conviction of a state traffic infraction is *not* governed by ORS chapter 138, so ORS 138.081(1)(a)(A) does not apply to the case. Because it does not, service of the notice of appeal is governed by the requirement in ORS 19.023(2)(a) that service be made "on all parties who have appeared in the action." Whether the city or the state is the plaintiff, the attorney for plaintiff at the trial level was the city attorney. Hence, service of the notice on the city attorney satisfied the jurisdictional requirement in ORS 19.033(2)(a) that service be made on all parties who have appeared in the action.

ORS 153.595 provides:

"An appeal from a judgment involving a traffic infraction may be taken by either party:

"(1) From a proceeding in justice's court or city court, as provided in ORS chapter 53;

"(2) From a proceeding in district court, as provided in ORS chapter 46; or

"(3) From a proceeding in circuit court, as provided in ORS 19.005 to 19.026 and 19.029 to 19.200."

ORS 46.250, in turn, provides authority for a party in a district court case involving a traffic infraction to appeal the judgment to the Court of Appeals. It states in relevant part:

"(1) Any party to a judgment in a *civil action* or proceeding, *including those relating to a traffic infraction*, in a district court, * * * may appeal therefrom to the Court of Appeals. * * * Except for a traffic infraction case, an appeal

may be taken only when the amount of money or the value of the property involved * * * is more than $250.

"* * * * *

"(3) *Except as otherwise required by this chapter*, an appeal taken from district court shall be in accordance with and subject to the provisions of ORS chapter 19."

(Emphasis supplied.)

The emphasized language in subsection (1) of ORS 46.250 identifies an action involving a traffic infraction to be a *civil* action for purposes of appeal. Consistent with that designation, the statute goes on to provide that appeals to the Court of Appeals in such cases are governed by the civil appeal statutes in ORS chapter 19.

In its motion, however, the state focuses on the emphasized language in subsection (3) of the statute, which requires compliance with any other provision in ORS chapter 46 that is applicable to an appeal of a traffic infraction. The state contends that ORS 46.810 is such a provision, and it provides:

"An appeal taken from district court in a *criminal action* or proceeding shall be in accordance with and be subject to the provisions of ORS chapter 138."

(Emphasis supplied.) The state reasons that this action is a criminal action subject to ORS 46.810, notwithstanding the statement in ORS 46.250 that a traffic infraction proceeding in district court is a civil action for purposes of appeal, because of the definition of criminal action in ORS 131.005(6).

ORS 131.005(6) defines a "criminal action" to be

"an action at law by means of which a person is accused and tried for the commission of an offense."

ORS 161.505, in turn, provides that an

"offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime or a violation or an infraction."

Under those definitions, a traffic infraction is an offense, so an action by which a person is accused and tried for such an offense is a *criminal action.*

■          According to the state, then, the appeal in this action is governed by ORS chapter 138 rather than ORS chapter 19. We disagree. Our review of the relevant statutes persuades us that the legislature intended appeals in traffic infraction cases to be treated as civil appeals governed by ORS chapter 19, not as criminal appeals governed by ORS chapter 138.

We recognize, at the outset, that traffic infraction proceedings are, for most purposes, criminal proceedings. ORS 153.505(3) provides that

"[e]xcept as ORS 153.525 and 153.595 and other statutes relating to a traffic infraction otherwise expressly provide, the criminal and criminal procedure laws of this state relating to a violation as described in ORS 161.505 and 161.565 apply with equal force and effect to a traffic infraction."

Significantly, however, ORS 153.595 *is* a statute that provides specific authority for appeals in traffic infraction cases, and it treats those appeals as *civil* appeals.

For example, ORS 153.595(1) authorizes parties in traffic infraction cases in justice or municipal court to appeal to district or circuit court for a *de novo* trial, "as provided in ORS chapter 53." Appeals from justice and municipal courts under ORS chapter 53 are civil appeals. ORS 53.010. In contrast, appeals from justice and municipal courts in *criminal actions* are governed by chapter 157. ORS 157.010 provides, in relevant part:

"In a *criminal action* in a justice's court, * * * *an appeal may be taken* from a judgment of conviction to the district court for the county in which the judgment is given, *as prescribed in this chapter, and not otherwise.*"

(Emphasis supplied.)

But for ORS 153.505(3) and ORS 153.595(1), ORS chapter 157 *would* apply to an appeal from justice court in a traffic infraction case, because a traffic infraction case fits the definition of a criminal action. However, ORS 153.505(3) identifies ORS 153.595 as an exception to the provision that makes criminal and criminal procedure laws applicable to

traffic infraction cases. And ORS 153.595(1) provides that appeals in such cases are governed by ORS chapter 53 rather than ORS chapter 157. Hence, appeals from justice court are treated as civil rather than criminal appeals in terms of the appellate procedure that applies to them.[2]

The same reasoning applies to appeals to this court from circuit court judgments in traffic infraction cases. ORS 153.595(3) states that either party may appeal from such a judgment, "as provided in ORS 19.005 to 19.026 and 19.029 to 19.200." The enumerated provisions from ORS chapter 19 are provisions that deal with civil appeals, and a number of them are inapplicable to criminal appeals. *Compare, e.g.*, ORS 19.035-.040 *with* ORS 138.185. Under ORS 153.505(3) and ORS 135.595(3), then, circuit court appeals in traffic infraction cases are processed as civil appeals under the enumerated provisions of ORS chapter 19, rather than as criminal appeals under ORS chapter 138.

The same conclusion applies to traffic infraction appeals from district court, although the issue is more complicated. ORS 153.595(2) states that either party may appeal from a district court judgment on a traffic infraction, "as provided in ORS chapter 46." ORS 46.250(1) identifies an appeal from such a judgment as an appeal from "a judgment in a civil action or proceeding." ORS 46.250(3) goes on to provide that "an appeal taken from district court shall be in accordance with and subject to the provisions of ORS chapter 19," which are the civil appeal statutes, "[e]xcept as otherwise required by [ORS chapter 46]."

Although ORS 46.810 provides that an "appeal taken from district court in a criminal action or proceeding shall be in accordance with and be subject to the provisions of ORS chapter 138," we do not believe that that statute makes

---

[2] We recognize that our discussion of appeals from justice court in traffic infraction cases suggests that *City of Pendleton v. Martin*, 46 Or App 181, 611 P2d 318, *rev den* 289 Or 373 (1980), was wrongly decided. In *Martin*, we held that ORS chapter 157 did apply to *de novo* appeals from municipal court to circuit court in state traffic infraction cases and, as a consequence, that the circuit court lacked jurisdiction over the defendant's appeal because the defendant had not served the district attorney with the notice of appeal, as required by ORS 157.030. The holding in *Martin* became academic as a result of the enactment of ORS 157.030(2), which provides that failure to serve a notice of appeal on the appropriate attorney in appeals under ORS chapter 157 "shall not preclude jurisdiction in the appellate court."

ORS chapter 138 applicable to appeals from district court in traffic infraction cases. That is because ORS 46.250(1) identifies such an appeal as an appeal in a *civil* proceeding, so, for appeal purposes, a traffic infraction proceeding is *not* a criminal proceeding to which ORS 46.810 applies. That interpretation of the statute avoids the anomalous result of treating traffic infraction appeals from circuit court to the Court of Appeals as civil appeals governed by ORS chapter 19, as required by ORS 153.595(3), while treating equivalent appeals from district court as criminal appeals governed by ORS chapter 138.

That interpretation also gives full effect to the language in ORS 153.505(3) that identifies ORS 153.595 as an exception to the principle that traffic infraction proceedings are criminal proceedings. As explained above, ORS 153.595(1) makes applicable to *de novo* traffic infraction appeals from justice and municipal court the civil rather than the criminal appeal statutes. ORS 153.595(3) does the same for traffic infraction appeals from circuit court to the Court of Appeals. To be consistent, ORS 153.595(2) should be understood to do the same for traffic infraction appeals from district court to the Court of Appeals. Our interpretation of ORS 46.250 and 46.810 does that.

Because ORS chapter 138 does not apply to the appeal in this case, ORS 19.023(2)(a) is the statute that governs service of the notice of appeal. It requires the notice to be served on "all parties who have appeared in the action." Notwithstanding the reference in the caption to the City of Pendleton as plaintiff, the plaintiff in this case is the state. *Mylander*, 301 Or at 183. Defendant served her notice of appeal on the Pendleton city attorney, as attorney for plaintiff. The issue, then, is whether the notice given to the city attorney satisfied ORS 19.023(2)(a).

ORS 153.565(3) authorizes city attorneys to prosecute state traffic infractions that occur within the jurisdictional authority of their cities, if the infractions are not felonies. That authority applies to the prosecution of infractions in municipal court and on *de novo* appeal to district or circuit court. ORS 153.565(3).

Pursuant to that authority, the Pendleton city attorney prosecuted defendant for the infraction at issue here. The city attorney did not, in fact, appear at trial on behalf of the state, because ORS 153.580(2) prohibits attorneys for the state from appearing at trial in traffic infraction proceedings if the defendant is unrepresented, as defendant was here. But the city attorney did file a response in municipal court to a motion that defendant filed seeking a change of venue. That the city attorney did so confirms that the infraction was prosecuted by him, and not by the district attorney.[3]

The state notes, however, that the authority granted to city attorneys by ORS 153.565(3) to prosecute state traffic infractions is limited by ORS 180.060, the relevant portion of which provides that the Attorney General shall

"[a]ppear, commence, prosecute or defend for the state all causes or proceedings in the Supreme Court or the Court of . Appeals in which the state is a party or interested."

ORS 180.060(1)(c). The state reasons that ORS 180.060 denies a city attorney any authority to act for the state in an appeal to the Court of Appeals in a state traffic infraction case, so a city attorney is not someone on whom a defendant properly can serve a notice of appeal in such a case.

The problem with the state's argument is that ORS 180.060 also imposes the same restriction on the authority of *district attorneys* to act for the state on appeal in criminal cases. Nevertheless, the statute governing service of the notice of appeal in such cases, ORS 138.081(1)(a)(A), provides that the notice is to be served on the district attorney, *not* the Attorney General. The fact is that ORS 138.081(1)(a)(A) requires defendants in criminal cases to serve their notice of appeal on *trial* counsel for the state, rather than appellate counsel. The Attorney General *is* charged with the duty of representing the state in appeals to the Court of Appeals, but the appellate process begins with notice being given to the state's trial counsel.

■■ A city attorney who prosecutes a state traffic infraction under ORS 153.565(3) is the trial counsel for the state.

---

[3] *See* ORS 8.660(2)(a) (bars district attorney from prosecuting state traffic infractions that a city attorney prosecutes pursuant to ORS 153.565).

Defendant timely served her notice of appeal on the city attorney who prosecuted her for the state infraction, so she complied with the service requirement in ORS 19.023(2)(a).

The state raises no other objection to our jurisdiction over defendant's appeal. We also are unaware of any impediment to our jurisdiction in this case. It follows, then, that the state's motion to dismiss defendant's appeal for lack of jurisdiction must be denied.[4]

Motion to dismiss denied.

---

[4] The state's motion to dismiss consumed nine pages of text and cited 30 procedural statutes or subsections of statutes and nine appellate cases to persuade the court that this appeal should be dismissed for lack of jurisdiction. As the length of the court's opinion and the number of cited authorities show, discerning the procedures to appeal a traffic infraction can be a difficult task. Traffic infraction cases involve relatively small amounts of money, and defendants in such cases often handle their own appeals without the benefit of counsel. The procedural hurdles for traffic infraction appeals lie waiting to trip even wary lawyers, let alone unrepresented defendants. The labyrinthian statutory scheme for adjudicating traffic infractions may warrant legislative attention.