HENDERSON, *Respondent,*
*v.*
SMITH, *Appellant.*
(TC 77-5-346, SC 25315)

577 P2d 504

Richard J. Geisert, Certified Law Student, Lake Oswego, argued the cause for appellant. With him on the briefs was Lawrence Wm. Jordan, Jr., Lake Oswego.

Jeffery C. Bodie, Certified Law Student, Portland, argued the cause for respondent. On the brief was Robert D. Katz, of Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

TONGUE, J.

## TONGUE, J.

This is an appeal by the judge of the municipal court of the city of Lake Oswego from a peremptory writ of mandamus issued by the circuit court of Clackamas County directing him to transfer petitioner's case to the district court of Clackamas County.

Petitioner was arrested in the city of Lake Oswego by a city police officer and charged with driving with a suspended operator's license, a state offense under ORS 487.560. On May 24, 1977, petitioner was arraigned in the Lake Oswego Municipal Court where he pleaded "not guilty" to the charge. On May 25 petitioner's attorney requested that the defendant, as the municipal court, inform petitioner that he has the right to have the case tried in a state district court and to have the case transferred to the district court of the state for Clackamas County, but defendant refused these requests. Petitioner also informed the defendant that he had elected to transfer the case to the Clackamas County District Court, but the defendant refused to honor that election.

On May 26 petitioner filed a petition for peremptory writ of mandamus in the circuit court ordering the defendant, as the municipal court judge, to transfer the case to district court. The circuit court issued an alternative writ, to which defendant demurred. The circuit court overruled the demurrer and ordered the transfer of the case.

The circuit court based its decision upon Section 22 of the city charter of Lake Oswego and upon ORS 51.050(2). Section 22 states in part:

> "* * * When not governed by ordinances or this charter, all proceedings in the municipal court shall be governed by the applicable general laws of the state governing justices of the peace and justice courts. * * *"[1]

[1] Section 22 of the charter of Lake Oswego provides in full as follows:
"Section 22. Municipal Judge; Municipal court.

ORS 51.050(2) provides:

"Any defendant charged with a misdemeanor in a justice court after entering a plea of not guilty, shall be immediately notified of his right to have the matter transferred to the district court for the county where the justice court is located, or if there is no district court in the county, then to the circuit court for the county where the justice court is located. The election shall be made within 10 days after the plea of not guilty is entered and the justice shall immediately transfer the case to the appropriate court."

In addition, however, it is important to note that ORS 484.030(2) provides that:

"A justice court, for offenses committed within the county, and *a city court, for offenses committed within the jurisdictional authority of the city,* have concurrent

"The municipal judge shall be the judicial officer of the city. The Council may appoint one or more municipal judges pro tem to serve in the event of the municipal judge's absence, inability to act or disqualification. The municipal judge shall hold, at such places within or without the city as may be authorized by the Council, a municipal court known as the Municipal Court of the City of Lake Oswego. The Court shall be open for the transaction of judicial business at such times as may be established by the rules and practice of the Court. All area within the city shall be within the territorial jurisdiction of the court, together with such extraterritorial jurisdiction as may now or hereafter be authorized by state law pertaining to municipal courts. The municipal judge may exercise original jurisdiction of actions brought to recover or enforce forfeitures or penalties defined or authorized by ordinances of the city. The municipal judge shall have authority to issue process for the arrest of any person accused of an offense against the ordinance of the city, to commit any such person to jail or admit him or her to bail or order release on recognizance pending trial, to issue search warrants, to issue subpoenas to compel witnesses to appear and testify in connection with any cause before the court, to compel obedience to such subpoenas and other orders of the court, to issue any process necessary to carry into effect the judgments and orders of the court, and to punish witnesses and others for direct or indirect contempt of court. When not governed by ordinances or this charter, all proceedings in the municipal court shall be governed by the applicable general laws of the state governing justices of the peace and justice courts. To the extent now or hereafter permitted by state law, the Council may by ordinance appoint and designate a state court and the judges thereof to perform and exercise all or any part of the municipal court's and municipal judge's powers, functions and jurisdiction. In such event, proceedings in the state court shall be governed by the general laws governing such state court. (Amended 2 Nov 1976)"

jurisdiction of all state traffic offenses, except that they do not have jurisdiction of the trial of any felony." (Emphasis added)

"City court" is defined by ORS 484.010(2) as:

"* * * a municipal court, whether or not it is exercising authority under the charter or ordinances of a city or *as a justice court under the laws of this state.*" (Emphasis added)

■ In other words, when a municipal court tries a state traffic offense it is exercising authority as a justice court, as provided by ORS 484.030(2) and 484.010(2). In our opinion, it follows from the provisions of these statutes that the provisions of ORS 51.050(2) for transfer of cases from justice courts to district courts are applicable to the transfer of a case to a district court from a municipal court when the case involves a state traffic offense. *Cf. Claypool v. McCauley et al,* 131 Or 371, 283 P 751 (1929). Having reached this conclusion, we need not decide whether the provisions of Section 22 of the city charter incorporated the removal provision of ORS 51.050(2).

■ Defendant contends that "[t]he effect of the order of removal made by the trial court in this case was to subtract from the jurisdiction of the Lake Oswego Municipal Court. * * * To modify such jurisdiction is to amend the State Constitution and the City Charter." We disagree. The municipal court's jurisdiction over state traffic offenses derives from ORS 484.030(2), not from the state constitution or the city charter. Thus, the jurisdiction of the municipal court over state traffic offenses can be modified or limited by another statute.

■ Finally, defendant contends that the issuance of a writ of mandamus was improper because the right of petitioner to appeal to circuit court from a municipal court conviction and obtain a de novo trial would be a plain, speedy and adequate remedy under ORS 34.110. We hold that a person charged in municipal court with a state traffic offense has a right to be notified of his

option to remove the case to district court; that the municipal judge had no discretion in this regard; and that mandamus is appropriate to enforce this right. *See State ex rel Bethke v. Bain,* 193 Or 688, 703, 240 P2d 958 (1952). It is irrelevant whether petitioner could have had an appeal and a de novo trial from a municipal court conviction. We also see no reason to require petitioner to submit to a trial and then appeal before the municipal court's error can be corrected. *Cf. State ex rel Ricco v. Biggs,* 198 Or 413, 425, 255 P2d 1055 (1953).

For these reasons, the order of the trial court is affirmed.[2]

_____
[2]Petitioner also contends that the right to remove a case from municipal court to district court is compelled by the equal protection clause of the Fourteenth Amendment to the United States Constitution. Because of the basis on which we decide this case, we do not believe it necessary to consider or decide this contention.