CITY OF TOLDEO, *Appellant,*

*v.*

RICHARDS, *Respondent.*

(No. 38785, CA 11936)

594 P2d 422

Edward Lanton, Toledo, argued the cause for appellant. On the brief were Clifford G. Collard and Paul B. Osterlund, Toledo.

James M. Gillis, Newport, argued the cause for respondent. With him on the brief was Litchfield, MacPherson, Carstens & Gillis, Newport.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

The City appeals from an order of the circuit court reversing and vacating defendant's conviction for resisting arrest in the municipal court of the City of Toledo. The circuit court held that the underlying ordinance was unconstitutionally vague. At the outset, defendant contends that the City has no right to appeal the order. We disagree and reverse the circuit court's order. A brief chronology of the proceedings in this case is necessary to an understanding of our decision.

Following a jury trial, defendant was convicted in the municipal court for the City of Toledo of violations of three city ordinances: littering, disorderly conduct, and resisting arrest. Execution of his sentences, which consisted of fines, jail terms and probation, was suspended to allow him to appeal to the circuit court. That appeal was dismissed on the City's motion on the grounds that defendant had failed to perfect his appeal within the time permitted. The case was remanded to municipal court for execution of sentence.

On remand, defendant filed a motion requesting that the court not execute upon the three sentences because they were unlawfully entered[1] or, in the alternative, that the court elect one charge upon which to impose sentence because "all three crimes arose out of the same actions of defendant and therefore only one conviction may be executed upon." The court entered an order amending the original sentence by sentencing defendant "to discharge" on the littering and disorderly conduct convictions and sentencing him to pay a fine and serve a jail term for resisting arrest conviction.

Defendant appealed that order to the circuit court. The City moved for dismissal, or, in the alternative, for an order denying defendant a trial *de novo* on that appeal and limiting the scope of the appeal to the

---

[1] This motion did not raise the constitutional question.

amended sentencing order. The court denied the motion to dismiss and granted the motion to limit the appeal.

At the hearing on the appeal, defendant orally moved to strike the conviction for resisting arrest on the ground that the underlying ordinance was unconstitutionally vague. Following argument, the court agreed and entered an order reversing defendant's conviction under that ordinance, and affirming the remainder of the amended sentencing order. It is from this order that the City appeals.

■ The state[2] may appeal in a criminal case only if authorized to do so by ORS 138.060:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence; or

"(4) An order made prior to trial for the return or restoration of things seized."

Only subsection (2) is applicable here. Defendant first argues that the order appealed from was based on a municipal court sentencing order and therefore is "an order on appeal which is not itself appealable by the state, but only by the defendant."

■ The powers of the circuit court in an appeal from a criminal action in municipal court, ORS 221.350,[3] or

---

[2] The City is the functional equivalent of the "state" in the criminal procedure statutes.

[3] ORS 221.350 provides:

"Whenever any person is convicted in the municipal court of any city of any offense defined and made punishable by any city charter or ordinance, unless the charter of the city prohibits appeals from such court, such person shall have the same right of appeal to the circuit court within whose jurisdiction the city has its legal situs and maintains its seat of city government as now obtains from a conviction from courts of justice of the peace. The appeal shall be taken and perfected in the manner provided by law for taking appeals from justice courts."

justice court are governed by ORS 157.065, which states that "[t]he appellate court may give a final judgment in the cause, to be enforced as a judgment of such court." Therefore, the circuit court's order is treated as the order of the trial court and is appealable by the state.

■ Secondly, defendant argues that the City cannot appeal because no motion in arrest of judgment was made in this case nor was an "order in arrest of judgment" entered. As we held in *State v. Cannon/ Clark/Green/Donnelly,* 17 Or App 379, 521 P2d 1326, *rev den* (1974), that fact does not preclude a determination that the circuit court's order was "an order in arrest of judgment."

■ Under ORS 136.810 a motion in arrest of judgment may be based upon ORS 135.630(1) or (4).[4] As there was no indictment in this case, the order must be based upon subsection (4). An order that vacates a sentence due to the unconstitutionality of the underlying ordinance necessarily holds that the facts stated do not constitute an offense as there is no longer an ordinance to be violated. Therefore, the circuit court's ruling was by its nature an order arresting judgment from which the city may appeal. *State v. Cannon/ Clark/Green/Donnelly, supra,* 17 Or App at 384.

■ With respect to the ordinance, the City's argument focuses on whether the ordinance is unconstitutionally vague. However, it is not necessary for us to reach that issue because we hold that the circuit court was without authority in the second appeal to consider the constitutionality of the ordinance.

---

[4] ORS 135.630(1) and (4) provides:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"(1) If the accusatory instrument is an indictment, that the grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county;

"* * * * *

"(4) That the facts stated do not constitute an offense."

Dismissal of defendant's first appeal to the circuit court was dispositive of the merits of the case and his conviction. Assuming that he could appeal from the amended sentencing order, defendant, in that appeal, could not appeal the conviction itself. Time for such an appeal had passed. By arguing the constitutionality of the ordinance upon which his conviction was based, defendant was attempting to appeal the judgment of conviction. The circuit court exceeded its authority in considering that argument. Therefore, we reverse that portion of the circuit court's order and remand to the circuit court for remand to the municipal court for execution of the sentence.

Reversed and remanded.