Argued and submitted May 7, reversed and remanded June 3, 1986

CITY OF LAKE OSWEGO,
*Petitioner on Review,*

*v.*

GREGORY ROY MYLANDER,
*Respondent on Review.*

(No. 85-202; CA A36290; SC S32578)

721 P2d 433

Sandra N. Duffy, Lake Oswego, argued the cause for petitioner on review. On the petition was James M. Coleman, City Attorney, Lake Oswego.

William Uhle, Portland, argued the cause for respondent on review.

LENT, J.

**LENT, J.**

■ Does the Court of Appeals have jurisdiction of the plaintiff's appeal from a circuit court order allowing defendant's motion to suppress evidence, where the plaintiff commenced prosecution in municipal court for violation of the state statute (former ORS 487.540),[1] which prohibits driving a vehicle while under the influence of intoxicants? We hold there is jurisdiction.

A police officer arrested defendant and charged him with the crime of driving while under the influence of intoxicants "in violation of State Statute ORS 487.540." Defendant was cited to appear in the Municipal Court for the City of Lake Oswego. That court has jurisdiction to try state traffic offenses except felonies, ORS 153.565(2) (former ORS 484.030(2)).[2]

Prior to trial defendant moved to suppress certain evidence. The municipal court granted the motion. The plaintiff appealed to the circuit court. Before addressing the issue of Court of Appeals jurisdiction, we must decide whether the circuit court had jurisdiction, for we have a duty to recognize jurisdictional issues on our own motion. *See, e.g., Ragnone v. Portland School District No. 1J*, 289 Or 339, 341, 613 P2d 1052 (1980).

■ We have held that when a municipal court tries a state traffic offense it is exercising authority as a justice court. *Henderson v. Smith*, 282 Or 109, 113, 577 P2d 504 (1978). At the time the municipal court made its ruling in the case at bar, ORS 157.010 and 157.020 provided that in a criminal action in justice court the "plaintiff" could appeal to circuit court from an order made prior to trial suppressing evidence. At that time ORS 157.020(1) further provided:

"The right of appeal granted herein shall apply to all municipal courts notwithstanding ORS 221.350."[3]

---

[1] ORS 487.540 was repealed, Or Laws 1983, ch 338, § 978, and ORS 813.010 is now the comparable statute.

[2] ORS 153.565(2) provides:

"A justice court, for offenses committed within the county, and a city court, for offenses committed within the jurisdictional authority of the city, have concurrent jurisdiction of all state traffic offenses, except that they do not have jurisdiction of the trial of any felony."

[3] ORS 221.350 addresses appeals in cases involving city ordinances.

We conclude that the plaintiff could appeal to the circuit court.[4]

It is not clear whether defendant moved anew in the circuit court to suppress the evidence or if the circuit court simply reviewed the municipal court's ruling on the motion filed in the municipal court.[5] At any rate, the circuit court ordered that the recording of the verbal exchange be suppressed.

The plaintiff filed a notice of appeal in the Court of Appeals, and the defendant moved to dismiss the appeal on the ground that "[t]he constitutionality of the statute in question is not at issue. The prosecution is not allowed in effect 'two appeals,' " citing *City of Salem v. Bruner,* 299 Or 262, 702 P2d 70 (1985), and *City of Klamath Falls v. Winters,* 289 Or 757, 619 P2d 217 (1980). The Court of Appeals dismissed the appeal, *City of Lake Oswego v. Mylander,* 77 Or App 310, 713 P2d 44 (1986), citing *Winters* as governing.

We allowed the plaintiff's petition for review, which urges that the decision is contrary to the decision in *City of Toledo v. Richards,* 40 Or App 71, 594 P2d 422 (1979), and the implications of *Henderson v. Smith, supra,* and that *Winters* is inapposite.

The Court of Appeals' reliance on *City of Klamath Falls v. Winters* is misplaced. In that case the charge was violation of city ordinances. The only appeal available beyond circuit court of one convicted of violation was to challenge the constitutionality of the ordinances under ORS 221.360.[6]

---

[4] ORS 157.010 was amended, Or Laws 1985, ch 342, § 12, to provide that appeal is taken to district court in those counties that have a district court.

[5] It is not clear because we do not have the circuit court record before us. The circuit court order recites in part:

"The matter heard was a Motion to Suppress (pursuant to ORS 133.736), originally filed by defendant in the City of Lake Oswego Municipal Court * * *. This matter is before this Court on appeal by plaintiff."

[6] ORS 221.360 provides:

"In all cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained as indicated in ORS 221.350, such person shall have the right of appeal to the district court or circuit court in the manner provided in ORS 221.350, regardless of any charter provision or ordinance prohibiting appeals from the municipal court because of the amount of the penalty or otherwise. An appeal may likewise be taken in such cases from the

Defendants did not make such a challenge. We held that this limit on the right of appeal by defendants beyond circuit court did not violate defendants' right to equal protection under the Fourteenth Amendment to the Constitution of the United States or under Article I, section 20, of the Oregon Constitution. That decision does not address cases involving violation of state law. It does not address appeal by the prosecution.

Neither do we find *City of Salem v. Bruner, supra,* controlling. There, also, defendant was charged with a violation of a city ordinance and sought to appeal beyond the circuit court level. The Court of Appeals dismissed on the basis of *City of Klamath Falls v. Winters, supra,* and we affirmed the decision but on different grounds. We held that the defendant had failed to make a record that would permit decision of his claims that the separate statutory systems of appeal established by the statutes were unconstitutional.

That the Court of Appeals cited inapposite authority for its decision to dismiss this appeal, however, is not the decisive factor. The Court of Appeals has only such appellate jurisdiction as is granted by statute. *See, e.g., Waybrant v. Bernstein,* 294 Or 650, 653, 661 P2d 931 (1983). In this case the plaintiff cited in its brief in the Court of Appeals only ORS 138.060(3) for Court of Appeals jurisdiction. The text of that statute grants the right of appeal only to the "state." The only authority cited by the plaintiff to bring itself within the umbrella of the right granted to the state by that statute is *City of Toledo v. Richards, supra,* where the court stated: "The City is the functional equivalent of the 'state' in the criminal procedural statutes." 40 Or App at 74 n. 2. That statement is unsupported by any reasoning or citation to authority. It was a concession made by the defendant in its brief in that case. Unlike the case at bar, *Richards* involved prosecution under a city ordinance. We do not regard that statement as having application to the case at bar.

We are convinced by another line of reasoning, however, that plaintiff is entitled to appeal under ORS 138.060(3),

judgment or final order of the district court or circuit court to the Court of Appeals in the same manner as other appeals are taken from the district court or circuit court to the Court of Appeals in other criminal cases. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only."

which grants to the "state" the right to appeal from an order made before trial suppressing evidence. A "criminal action" is an action by means of which a person is accused and tried for the commission of an offense. ORS 131.005(6). Violation of former ORS 487.540 was an offense; indeed, it was a crime. ORS 131.025 provides:

"Except for offenses based on municipal or county ordinances, in a criminal action the State of Oregon is the plaintiff and the person prosecuted is the defendant."[7]

As noted above, the City of Lake Oswego's municipal court had jurisdiction to try this state traffic offense under ORS 153.565(2). The next subsection, ORS 153.565(3), provides that the city attorney

"shall have authority to prosecute in the name of the state for a state traffic offense * * * as provided in subsection (2) of this section, and in any appeal therefrom * * *."

Here the city attorney did prosecute the action.

We hold that it is the state which is the plaintiff in this criminal action. Styling the City of Lake Oswego as plaintiff is simply a misnomer. The case is, and always has been, "State of Oregon v. Mylander."[8] The Court of Appeals had jurisdiction.

---

[7] The Commentary by the Criminal Law Revision Commission states:

"This section * * * specifically takes into account prosecutions based on municipal or county ordinances. *In those cases* the city or county, instead of the state, would be the plaintiff." (Emphasis added.)

Final Draft and Report, November 1972, p. 4.

[8] If defendant's counsel did not recognize that the city attorney was prosecuting for the state, our colloquy with counsel at oral argument should have produced such an argument. Instead, as is clear from the following excerpt, defendant's counsel took the city's acting on behalf of the state as a given:

"[The Court]: Taking the statute Justice Peterson adverted to at the beginning, 157.020, * * *.

"* * * * *

"[The Court]: * * * assuming for the purposes of this discussion that it authorizes the prosecuting entity * * *, whether it be the city or the state, that is trying the case in a JC court, a justice court, to take an appeal of an order prior to jeopardy attaching * * *.

"[Counsel]: Right.

"[The Court]: Assuming that's true * * * that gets the City of Lake Oswego in

Reversed and remanded to the Court of Appeals.

---

this case into district court, doesn't it?

"[Counsel]: Yes, it does.

. "[The Court]: All right, by other statutes, the City of Lake Oswego prosecuting a state offense is deemed to be the state in district court or circuit court?

"[Counsel]: That's correct.

"[The Court]: All right so now the city, hereafter called the state, is in district court on an issue of whether evidence shall be suppressed in a matter under state law — in a case arising under state law. And the district court rules that the evidence should be suppressed. Now, can you explain to me why 138.060 doesn't lead ineluctably to the conclusion that they get to take an appeal to the Court of Appeals?

"[Counsel]: No.

"[The Court]: Neither can I."