Argued and submitted October 15, 1986, reversed and remanded for trial
February 25, 1987

## CITY OF LAKE OSWEGO,
*Appellant,*

*v.*

## GREGORY ROY MYLANDER,
*Respondent.*

(85-202; CA A36290)

733 P2d 455

Sandra N. Duffy, Lake Oswego, argued the cause for appellant. With her on the brief was City of Lake Oswego and James M. Coleman, Lake Oswego.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The City of Lake Oswego appeals the circuit court's order granting defendant's motion to suppress.[1] We reverse.

Defendant was driving his van in Lake Oswego in February, 1984, when it quit running due to mechanical problems. He walked two blocks to the police station and used a telephone attached to the outside entryway to seek assistance. The phone is a direct line to the Lake Oswego Communication Center, which routinely records all incoming radio communications and telecommunications. The police dispatcher who received the call notified an officer that a call about a disabled vehicle had been received from a person who sounded intoxicated. Defendant was subsequently arrested for driving under the influence of intoxicants and charged with violation of *former* ORS 487.540 (now ORS 813.010). The municipal court granted his motion to suppress the recording of the conversation, and the circuit court affirmed.

The circuit court held the recording inadmissible, because it is prohibited by ORS 165.540(1)(e), which states:

"Except as otherwise provided in ORS 133.724 or subsections (2) to (6) of this section, no person shall:

"* * * * *

"(e)   Use or attempt to use, or divulge to others any conversation, telecommunication or radio communication obtained by any means prohibited by this section."

The city contends that the circuit court erred when it concluded that the recorded message was only admissible if defendant had consented to the recording. It argues that the court found, by implication, that the recording was a "conversation" rather than a "telecommunication," and therefore applied the wrong statutory provision in determining the recording's admissibility.

"Conversation" and "telecommunication" are defined by ORS 165.535:

"(1)   'Conversation' means the transmission between two

---

[1] After the city appealed to this court from the circuit court's ruling granting the motion to suppress, defendant filed a motion to dismiss for lack of jurisdiction. We granted the motion, 77 Or App 310, 713 P2d 44 (1986), but the Oregon Supreme Court held that we have jurisdiction. 301 Or 178, 721 P2d 433 (1986).

or more persons of an oral communication which is not a tele-communication or a radio communication.

"* * * * *

"(4)   'Telecommunication' means the transmission of writing, signs, signals, pictures and sounds of all kinds by aid of wire, cable or other similar connection between the points of origin and reception of such transmission, including all instrumentalities, facilities, equipment and services (including, among other things, the receipt, forwarding and delivering of communications) incidental to such transmission."

The statute only requires consent from one participant to a telecommunication, while all participants in a conversation must be informed that it is being recorded. The relevant portions of ORS 165.540(1) provide:

"Except as otherwise provided in ORS 133.724 or subsections (2) to (6) of this section, no person shall:

"(a)   Obtain or attempt to obtain the whole or any part of a telecommunication or a radio communication to which such person is not a participant, by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, unless consent is given by at least one participant.

"* * * * *

"(c)   Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if all participants in the conversation are not specifically informed that their conversation is being obtained."

It is clear that defendant's call to the police dispatcher was a telecommunication and his consent was not necessary, because one participant, the police dispatcher, consented.

Reversed and remanded for trial.