Argued and submitted December 15, 2006, affirmed August 22, 2007

# CITY OF MILTON-FREEWATER,
*Plaintiff-Respondent,*

*v.*

## Billie Dean ASHLEY,
*Defendant-Appellant.*

Umatilla County Circuit Court
AP050007; A130586

166 P3d 587

Jesse Wm. Barton argued the cause and filed the brief for appellant.

David Blanc filed the brief for respondent.

Before Landau, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

WOLLHEIM, J.

## WOLLHEIM, J.

The circuit court dismissed defendant's appeal from a judgment of conviction in the municipal court on the ground that defendant failed to file the original notice of appeal with the municipal court and, therefore, the circuit court lacked jurisdiction to review the judgment of conviction. As we explain, ORS 53.030 required defendant to file the original notice of appeal with the municipal court, and her failure to satisfy that requirement precluded the circuit court from exercising jurisdiction over her appeal. We review the circuit court's conclusion for errors of law, and affirm.

The relevant facts are undisputed. The City of Milton-Freewater Municipal Court convicted defendant of disorderly conduct in the second degree, ORS 166.025, and resisting arrest, ORS 162.315. Defendant appealed her convictions to the Umatilla County Circuit Court. To effectuate the appeal, defendant prepared a *pro se* notice of appeal on a computer, printed several notices, and signed each notice. The notices included a certificate of service, which stated that she "served a *true copy* of th[e] notice of appeal" on the City of Milton-Freewater Municipal Court, the attorney for the City of Milton-Freewater, the Umatilla County Circuit Court, and the Umatilla County District Attorney's Office. (Emphasis added.) The certificate of service also stated that she "filed *the original* of th[e] notice of appeal with the State Court Administrator." (Emphasis added.)

The circuit court granted the city's motion to dismiss the appeal. The circuit court considered itself "bound by defendant's own designation" in the certificate of service, which, again, stated that she "filed *the original* of th[e] notice of appeal with the State Court Administrator." (Emphasis added.) Because defendant failed to certify that she filed the original notice of appeal in the municipal court, as required by ORS 53.030, the circuit court concluded that it lacked jurisdiction over her appeal. Defendant now appeals to this court.

The question before us is whether the circuit court had jurisdiction over defendant's appeal. Defendant asserts two reasons why the circuit court erred in dismissing her

appeal: (1) the *pro se* notice of appeal that she mailed to the municipal court was an original, because she printed it from the computer and signed it with an original signature, and (2) her failure in the certificate of service to designate the notice as an original was merely a "trifling defect" that the circuit court should have disregarded. The city disagrees. It argues that the circuit court properly dismissed defendant's appeal, because the certificate of service establishes that she filed the original notice with the State Court Administrator, not the municipal court, and that the circuit court was correct to strictly construe that jurisdictional requirement. For the reasons that follow, we agree with the city.

We begin our analysis by identifying the statutory provisions that govern defendant's appeal. Although several statutes arguably are applicable, we conclude, as did the circuit court, that the statutes governing appeals from justice courts apply to defendant's appeal.[1]

The legislature expressly provided a procedure for appealing municipal court judgments in two situations; however, neither of those situations applies to defendant's appeal. In the first situation, ORS 221.342(2) provides that appeals from judgments of municipal courts that have become courts of record are taken in the same manner as appeals from circuit courts. That statute does not govern here, because the City of Milton-Freewater Municipal Court is not a court of record; the city has not passed an ordinance to that effect, and the municipal court proceedings were not recorded. *See* ORS 221.342(1) (describing the requirements for becoming a municipal court "of record"). In the second situation, ORS 221.359(1) permits a person convicted in the municipal court of "any offense defined and made punishable by any city charter or ordinance" to appeal to the circuit court in the same manner as appeals are taken from justice courts. Again, that statute does not govern here, because the municipal court convicted defendant of offenses defined by state statute, not by city charter or ordinance. Because no statute expressly governs appeals from a judgment of conviction in a municipal court that has not become a court of record for

---

[1] "A justice court is a court held by a justice of the peace within the justice of the peace district for which the justice of the peace may be chosen." ORS 51.010.

offenses defined by state statute, we must look to other sources of law.

Here, both parties agree that defendant's appeal is governed by the statutes pertaining to appeals from justice courts. They reach that conclusion because municipal courts share concurrent jurisdiction with justice courts to prosecute misdemeanor offenses committed within the city. ORS 221.339(2) provides, in part:

> "[M]unicipal courts have concurrent jurisdiction with circuit courts and justice courts over misdemeanors committed or triable in the city. Municipal courts may exercise the jurisdiction conveyed by this section without a charter provision or ordinance authorizing that exercise."

Because the courts share concurrent jurisdiction, the parties reason that, when a municipal court that has not become a court of record tries a state misdemeanor offense, it serves as a justice court and, therefore, the municipal court's judgment can be appealed in the same manner provided for appeals from justice courts. We agree with that reasoning.

The Supreme Court acknowledged that a municipal court can exercise its authority as a justice court in *City of Lake Oswego v. Mylander*, 301 Or 178, 721 P2d 433 (1986). In *Mylander*, a City of Lake Oswego police officer cited the defendant for driving under the influence of intoxicants, *former* ORS 487.540 (1981), *repealed by* Oregon Laws 1983, chapter 338, section 978.[2] 301 Or at 180. The citation ordered the defendant to appear in the municipal court for the City of Lake Oswego pursuant to *former* ORS 153.565(2) (1985), *repealed by* Oregon Laws 1999, chapter 1051, section 32,[3] which granted the municipal court concurrent jurisdiction to try state traffic offenses. In a pretrial order, the municipal court granted the defendant's motion to suppress certain evidence. The city appealed the suppression order to the circuit

---

[2] *Former* ORS 487.540(2) provided that driving while under the influence of intoxicants was a Class A misdemeanor.

[3] *Former* ORS 153.565(2) provided:

"A justice court, for offenses committed within the county, and a city court, for offenses committed within the jurisdictional authority of the city, have concurrent jurisdiction of all state traffic offenses, except that they do not have jurisdiction of the trial of any felony."

court. The circuit court affirmed, and the city appealed to the Court of Appeals and, ultimately, to the Supreme Court.

The Supreme Court considered whether the circuit court had jurisdiction to review the municipal court's order. The Supreme Court concluded that it did because the municipal court and justice court shared concurrent jurisdiction to try state traffic offenses, *former* ORS 153.565(2). Because the courts shared concurrent jurisdiction, the Supreme Court held that, "when a municipal court tries a state traffic offense[,] it is exercising authority as a justice court." 301 Or at 180. Accordingly, the Supreme Court applied the statutes governing appeals from the justice court. *See also Henderson v. Smith*, 282 Or 109, 113, 577 P2d 504 (1978) ("[W]hen a municipal court tries a state traffic offense it is exercising authority as a justice court[.]"); *cf. City of Salem v. Bruner*, 299 Or 262, 274, 702 P2d 70 (1985) (Campbell, J., concurring) (construing a statute governing removal from justice court to circuit court to also allow removal from municipal court to circuit court, because "when a municipal court tries a state offense, the municipal judge is exercising authority as a justice court").

■ The Supreme Court's reasoning in *Mylander* applies to this case. Here, as in *Mylander*, defendant was charged in the municipal court with violating state statutes. The municipal court had concurrent jurisdiction with the justice court to prosecute misdemeanor offenses. ORS 221.339(2). We conclude that, when a municipal court that has not become a court of record prosecutes state misdemeanor offenses pursuant to ORS 221.339(2), the municipal court is exercising its authority as a justice court. In that situation, where the municipal court acts as a justice court, we apply the statutes that govern appeals from the justice court.

■ We now turn to the statutes governing appeals from justice courts to determine whether defendant properly perfected her appeal and, consequently, whether the circuit court obtained jurisdiction over the appeal. In a criminal action in a justice court that has not become a court of record, "an appeal may be taken from a judgment of conviction to the circuit court." ORS 157.010. The appeal must be "taken in the same manner and within the same time as in the case of an

appeal from a judgment in a civil action." ORS 157.030. "When the notice of appeal has been filed with the court from which the appeal is being taken, the appellate court shall have jurisdiction of the cause." ORS 157.030(2).

■ Because appeals from criminal convictions in justice courts are provided in the same manner as appeals from civil judgments in justice courts, we turn to ORS 53.030, which governs appeals from civil judgments in justice courts that have not become courts of record. ORS 53.030 provides:

> "An appeal is taken by serving, within 30 days after rendition of judgment, a written notice thereof on the adverse party, or the attorney of the adverse party, and *filing the original with the proof of service indorsed thereon with the justice*, and by giving the undertaking for the costs and disbursements on the appeal, as provided in ORS 53.040. A written acknowledgment of service by the respondent or the attorney of the respondent, indorsed on the notice of appeal, shall be sufficient proof of service. *When the notice of appeal has been served and filed, the appellate court shall have jurisdiction of the cause.*"[4]

(Emphasis added.) We conclude that, in this case, ORS 53.030 required defendant to file "the original" notice of appeal with the municipal court as a prerequisite to the circuit court obtaining jurisdiction.

■ We return to the question of whether the circuit court erred, as a matter of law, when it found that defendant failed to file "the original" notice of appeal with the municipal court and thus concluded that the circuit court lacked jurisdiction over defendant's appeal. Specifically, we must determine whether the certificate of service, which provided that defendant filed "the original" notice of appeal with the State Court Administrator, precluded the circuit court from exercising jurisdiction over her appeal. We conclude that it did.

■ Once filed, a certificate of service becomes " '*prima facie* evidence of the material facts recited therein.' " *Burden v. Copco Refrigeration, Inc.*, 339 Or 388, 394, 121 P3d 1133 (2005) (quoting *Abraham v. Miller*, 52 Or 8, 11, 95 P 814

---

[4] We assume that the requirement that the appellant file the original notice of appeal with "the justice" refers to the justice court.

(1908)). Here, defendant signed each copy of the notice of appeal that she printed from the computer with an original signature; however, her own designation in the Certificate of Service indicated that she filed "the original" with the State Court Administrator and served a "true copy" of the notice on the municipal court. Defendant did not introduce any evidence to rebut that designation. Because defendant failed to satisfy the requirement that she file "the original" notice of appeal with the municipal court, the circuit court lacked jurisdiction to consider defendant's appeal. *See McCall v. Kulongoski*, 339 Or 186, 118 P3d 256 (2005) (strictly construing jurisdictional requirements); *McKinney and McKinney*, 201 Or App 721, 120 P3d 921 (2005), *rev den*, 341 Or 245 (2006) (same).

Affirmed.