Argued and submitted March 23, reversed and remanded July 13, 2011

STATE OF OREGON,
*Plaintiff,*
*and*

CITY OF BEAVERTON,
*Plaintiff-Respondent,*

*v.*

KENDAL DEAN FAUST,
*Defendant-Appellant.*

Washington County Circuit Court
C085517CVA; A140968

261 P3d 24

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

David Eder, Assistant City Attorney, argued the cause for respondent. On the brief was Alan A. Rappleyea, City Attorney.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

.

**BREWER, C. J.**

Defendant was convicted in Beaverton Municipal Court of violating a municipal trespass ordinance. He argues that the circuit court erred in dismissing his appeal from that conviction on the ground that he failed to serve the notice of appeal on the city attorney. The city concedes that the circuit court erred in dismissing on that ground but asserts, as an alternative basis for affirmance, that the notice of appeal was not timely filed in the municipal court. We accept the city's concession of error on the service ground. *See* ORS 221.359(1)(b) ("Failure to serve a notice of appeal on the appropriate attorney shall not preclude jurisdiction in the appellate court[.]"). For the reasons explained below, we also decline to affirm based on the city's proffered alternative basis. Accordingly, we reverse and remand.

This case has an unusual and complex procedural history, but, for purposes of this appeal, we focus on the following undisputed facts, which relate to defendant's attempt to file a notice of appeal in the municipal court. Defendant's attorney went to the municipal court on March 31, 2008, and attempted to file a notice of appeal, but a clerk refused the filing, telling him that the appeal had to be taken to the Court of Appeals. If the clerk had accepted the notice of appeal on March 31, 2008, it would have been timely.

The city contends that the notice of appeal was not filed on March 31, 2008, and, therefore, the circuit court could have correctly dismissed defendant's appeal on that alternative basis. In the city's view, this case resembles *City of Milton-Freewater v. Ashley*, 214 Or App 526, 532-33, 166 P3d 587 (2007), in which we affirmed the dismissal of an appeal from a municipal court judgment because the defendant had not timely filed the original notice of appeal in the municipal court. Defendant responds, first, that any failure to file a timely notice of appeal is not an appropriate alternative basis for affirmance because the evidentiary record might have developed differently if the circuit court had reached the issue. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (discussing proper use of the "right for the wrong reason" doctrine). Alternatively,

defendant contends that, as a matter of law, there is sufficient evidence that he filed the notice of appeal with the municipal court on March 31, 2008, because his attorney delivered the document to the clerk with the intent that it be filed. *See Stull v. Hoke*, 326 Or 72, 78-79, 948 P2d 722 (1997) (discussing "well-defined legal meaning" of the term "filing").

For a party to prevail on an alternative basis for affirmance, the basis must be legally correct and the evidentiary record must be sufficient to support it. *See Outdoor Media Dimensions Inc.*, 331 Or at 659 (citing *State v. Rogers*, 330 Or 282, 295, 4 P3d 1261 (2000)). Here, we conclude that the alternative basis offered by the city is not legally correct and, accordingly, is not a basis for affirmance.

The city is correct that defendant had to file a timely notice of appeal in the municipal court in order for the circuit court to have jurisdiction over his appeal. ORS 221.359(1)(b); ORS 157.030(2); ORS 53.030. However, as a matter of law, we agree with defendant that a notice of appeal is "filed" under the pertinent statutes if it is given to a municipal court clerk with the intention that it be filed. As the Supreme Court observed in *Stull*, the term "filing" has a well-defined legal meaning, which the court has applied in various statutory contexts, to mean that filing of a document occurs when the document is given to the clerk with the intention that it be filed. 326 Or at 78-79. We have examined the statutory scheme governing the filing of a notice of appeal from a municipal court judgment, and nothing indicates that the legislature intended anything other than the usual, well-defined meaning of "filing" in that context.

Nor does *Ashley*, the case the city relies on, support a different understanding. In *Ashley*, the issue was whether the notice of appeal that the defendant filed with the municipal court was "the original," as required by statute. The defendant had prepared and printed several copies of her notice of appeal, and signed each one in ink. 214 Or App at 528. On the certificate of service, however, the defendant had indicated that she filed "the original" notice of appeal with the State Court Administrator. *Id.* We concluded that that designation was controlling and, accordingly, that the defendant had failed to satisfy the statutory requirement that she

file the original notice of appeal with the municipal court. *Id.* at 533. Although *Ashley* certainly relies on and reinforces the principle that parties must comply with statutory requirements for perfecting appeals, it is not a case in which a party attempted to file a notice of appeal in municipal court but was refused, and so it sheds no light on the issue before us.

Accordingly, we apply the well-defined legal meaning of "filing" in this case. If defendant's attorney gave the notice of appeal to the municipal court clerk on March 31, 2008, with the intention that it be filed, the notice of appeal was timely filed.

To show that he timely filed his notice of appeal, defendant had to establish two facts: that he intended to file a notice of appeal and that he gave the notice of appeal to the clerk. Although the circuit court did not base its ruling on failure to file a timely notice of appeal, the city did argue that ground to the court. In response, defendant submitted an affidavit in which his attorney stated, "I attempted to file a Notice of Appeal with supporting documents on the 31st day of March, 2008. * * * The Municipal Court refused to take such documents, the clerk telling me * * * that this appeal must be taken to the Court of Appeals." In addition, at the hearing on the city's motion, defendant's attorney elaborated, "I took over appeal papers to the Beaverton Municipal Court. They refused to take them. They had a special stamp * * * that they stamped the papers and said we are not taking these appeals."

The record establishes that the city did not challenge the first factual element of "filing": that defendant intended the notice of appeal to be filed when his attorney presented it to the municipal court on March 31, 2008. As to the second element, no reported cases elaborate on whether "giving" a document to a clerk requires that the clerk physically touch or take possession of the document. Requiring actual touching or physical possession of the document would allow a clerk to defeat a party's rights by refusing to touch or take possession of a document, something we conclude that the legislature did not intend. *See Charco, Inc. v. Cohn,* 242 Or 566, 570-71, 411 P2d 264 (1966) (vindication of a party's rights cannot depend on the "pleasure or caprice of the clerk")

(internal quotation marks omitted). There is sufficient evidence in the record that defendant gave the notice of appeal to the clerk when he presented it for filing on March 31, 2008.[1]

Reversed and remanded.

---

[1] Moreover, the record in this case shows that the clerk stamped the document with a stamp that indicated that the document was to be filed in the Court of Appeals; this raises an inference that the clerk touched and took possession of the document, however briefly. Accordingly, even if "giving" a document to a clerk required physical possession or touching by the clerk, there was sufficient evidence that that occurred in this case.