Submitted November 27, 2012, appeal dismissed January 30, 2013

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## THAD NELSON,
*Defendant-Appellant.*

Umatilla County Circuit Court
AP100003; A146238

295 P3d 684

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

After being convicted in Pendleton Municipal Court of interfering with a peace officer, ORS 162.247, defendant appealed that judgment of conviction to the Umatilla County Circuit Court pursuant to ORS 157.005. *See* ORS 221.339(2) (municipal courts, justice courts, and circuit courts have concurrent jurisdiction over certain misdemeanors); *City of Milton-Freewater v. Ashley*, 214 Or App 526, 531, 166 P3d 587 (2007) (municipal courts act as justice courts in this circumstance). On the morning that defendant's case was called for hearing, it was determined that neither defendant nor his counsel was present in the courtroom, so the circuit court granted the state's motion to dismiss the appeal. Defendant later filed a motion for relief from default, asserting in an affidavit that he had arrived at the courthouse several minutes after his case had been dismissed. The court denied the motion, noting that defendant had not asserted "good cause" for being late, and dismissed his appeal from the municipal court conviction. Defendant appeals the circuit court's order, arguing that the circuit court erred in denying his motion for relief from default and that it lacked authority to dismiss an appeal or, alternatively, that being only a few minutes late for a hearing constitutes good cause to set aside a dismissal.

After the case was submitted, this court issued an order to show cause why the case should not be dismissed for lack of an appealable decision. As explained below, we conclude that this court lacks jurisdiction over this appeal and, accordingly, dismiss it.

Defendant asserts that we have jurisdiction over his appeal pursuant to ORS 138.040:

"Except as provided under ORS 138.050 [concerning guilty and no contest pleas], the defendant may appeal to the Court of Appeals from a judgment or order described under ORS 138.053 in a circuit court, and may cross-appeal when the state appeals pursuant to ORS 138.060(1)(c) or (2)(a). The following apply upon such appeal or cross-appeal:

"(1) The appellate court may review:

"(a) Any decision of the court in an intermediate order or proceeding."

ORS 138.053(1), in turn, provides:

"A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a)  Imposition of a sentence on conviction.

"(b)  Suspension of imposition or execution of any part of a sentence.

"(c)  Extension of a period of probation.

"(d)  Imposition or modification of a condition of probation or of sentence suspension.

"(e)  Imposition or execution of a sentence upon revocation of probation or sentence suspension."

In our order to show cause, we indicated that "[t]he order from which defendant has appealed does not appear to fit within the definition of appealable order or judgment in ORS 138.053."

In response to that order to show cause, defendant asserts that the order denying his motion for relief from default is an "intermediate order," ORS 138.040(1)(a), the effect of which is to uphold defendant's municipal court conviction. We assume for the sake of argument that defendant is correct that an order on a motion for relief from default could qualify as an "intermediate order" that is reviewable by this court under ORS 138.040(1)(a).[1] The problem is that, even if there is an "intermediate order" to *review* in this case, the *appeal* has not been taken "from a judgment or order described under ORS 138.053." ORS 138.040(1). As a prerequisite to our reviewing an intermediate order of a court under ORS 138.040(1)(a), the defendant must have appealed from a judgment or order that is cognizable under ORS 138.053(1). However, the appeal here was taken from an order denying defendant's motion for relief from default. That order did not impose a

---

[1] *But see State v. Sullens*, 314 Or 436, 839 P2d 708 (1992) (the appellate court could review denial of a post-trial motion for a new trial based on newly discovered evidence as an "intermediate order," but "ORS 138.040 provides that orders entered after a judgment that is appealed are not reviewable, *except* for orders denying motions for a new trial based on newly discovered evidence or juror misconduct" (emphasis in original)).

sentence on conviction, ORS 138.053(1)(a), did not suspend the imposition or execution of any part of a sentence, ORS 138.053(1)(b), and contained no provisions pertaining to probation that would bring it within ORS 138.053(1)(c) to (e). It is not an appeal to this court from the underlying conviction in municipal court: The order from which defendant has appealed clearly specifies that it is an order denying his motion for relief from default and, in any event, even had defendant attempted to appeal the underlying judgment of conviction from municipal court to this court, he could not have done so because, as noted above, such appeals are within the jurisdiction of the circuit court, not this court.

Defendant makes an alternative argument that, should this court determine that it lacks jurisdiction over defendant's appeal, his due process and equal protection rights under the United States Constitution would be violated. In particular, he notes that, in *City of Lake Oswego v. Mylander*, 301 Or 178, 721 P3d 433 (1986), a defendant was initially prosecuted in a municipal court for a state law violation in the same manner as the prosecution in this case, and, in that circumstance, the court held that the state was entitled to appeal from a circuit court order granting suppression of evidence. ORS 138.060. Defendant here argues that "to deny a defendant the right to appeal in the same situation would violate his right of due process." The difficulty with defendant's argument is that the present case does not, in fact, present the "same situation" as *Mylander*. There, the defendant had prevailed on a motion to suppress in municipal court, and, pursuant to specific statutory authorization (currently codified at ORS 157.020(2)(c)), the city appealed that decision to the circuit court. 301 Or at 180. The circuit court agreed with the municipal court and also ordered suppression. *Id*. at 181. Thereafter, the city appealed to this court, which concluded that it lacked jurisdiction for reasons not pertinent to the present discussion. Ultimately, the Oregon Supreme Court agreed with the city that this court had jurisdiction over its appeal because the "plaintiff is entitled to appeal under ORS 138.060(3), which grants to the 'state' the right to appeal from an order made before trial suppressing evidence." *Id*. at 183.

In *Mylander*, there existed specific statutory authorization under ORS 138.060 for the state to appeal the type of order appealed in that case, which originated in municipal court. That conclusion hardly supports the broad proposition that due process or equal protection somehow requires that an entirely different type of order must be held to be appealable in the present case despite the lack of statutory authority for such an appeal, simply because this case also originated in municipal court.

Defendant relies on *City of Klamath Falls v. Winters*, 289 Or 757, 769, 619 P2d 217 (1980), *appeal dismissed*, 451 US 964 (1981), for the proposition that, when an appeal is afforded, "it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Equal Protection Clause." That proposition likewise has no application to these facts. Had it been the state rather than defendant who had appealed a municipal court decision to the circuit court under the provisions of ORS chapter 157, and had the circuit court dismissed the state's appeal and denied the state's motion for relief from default under circumstances identical to these, the state would have had no more success attempting to appeal that order than defendant has had in the present case: Such an order not only is not appealable by a defendant under the strictures of ORS 138.053, but it also would not be appealable by the state under the strictures of ORS 138.060. We reject defendant's constitutional arguments without further discussion.

To summarize, because the order from which defendant has appealed in this criminal case does not qualify as an appealable order under ORS 138.053, this court lacks jurisdiction over defendant's appeal.

Appeal dismissed.