***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 7, affirmed August 10, 2022

Rodney SHRAMEK,
Brian West, and all other occupants,
*Appellants-Appellants,*

*v.*

TWO RIVERS HOMEOWNERS' COOPERATIVE,
*Respondent-Respondent.*

Clackamas County Circuit Court
20LT06091; A175494

Ulanda L. Watkins, Judge.

Ann B. Witte filed the brief for appellants.

Charles M. Greeff filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

This case reaches us on appeal after the Clackamas County Circuit Court dismissed appellants' appeal from the Clackamas County Justice Court's judgment in an eviction action. The original notice of appeal was erroneously filed with the Oregon Court of Appeals, rather than the Clackamas County Justice Court, as is required by statute for appeals from a justice court.[1] *See* ORS 53.030 (original notice of appeal must be filed with justice court, and notice given to adverse party or their attorney). The resolution to the appeal is governed by the reasoning expressed in *City of Milton-Freewater v. Ashley*, 214 Or App 526, 166 P3d 587 (2007) (affirming dismissal of appeal from municipal court judgment when original notice of appeal was not filed with court designated by statute). That reasoning holds true here, too, as by statute, the "original" notice of appeal must have been filed with the Clackamas County Justice Court—the justice court rendering the judgment defendant sought to appeal. Without timely filing in the proper court, the circuit court did not err by dismissing the appeal from the justice court.

We note that pursuant to various rules applicable to trial courts throughout Oregon, electronic filing is the preferred, and often mandatory, means of filing documents with Oregon courts. *See* UTCR 21.010(2) (defining "electronic filing"); UTCR 21.090 (providing rules for electronic signatures on filings); UTCR 21.140 (mandatory electronic filing unless otherwise exempted). In the current age where many court documents never exist in cellulose form or receive a wet-ink signature, the distinction between an "original" and a "copy" may no longer make sense. Nonetheless, we are bound by statute, and whether the concerns that animated the "original" document requirement of ORS 53.030 are still valid today must be left to consideration by the Oregon Legislature.

Affirmed.

---

[1] Appellants filed a copy of the original with the Clackamas County Justice Court.