No. 418 May 13, 2026 617

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HAMID MICHAEL HEJAZI,
*Defendant-Appellant.*

Lane County Circuit Court
23CR62787, 24CR04202; A183881 (Control), A183882

Jay A. McAlpin, Judge.

Argued and submitted April 7, 2026.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Hamid Michael Hejazi filed the supplemental briefs *pro se*.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

In these consolidated appeals, defendant seeks reversal of judgments dismissing his appeals to the circuit court from his municipal court convictions for harassment. Because defendant's assignments of error are unpreserved and he does not request plain error review, we affirm the trial court's dismissals of defendant's appeals.

In 23CR62787 and 24CR04202, the City of Springfield (the city) charged defendant with telephonic harassment, ORS 166.065(1)(c).[1] The Springfield Municipal Court record in each case reflects that defendant committed harassment on two different dates by making telephonic threats to the mayor of Springfield. Defendant pleaded guilty in each case in the municipal court, and the municipal court imposed two years of probation in each case.

Defendant appealed both cases to the circuit court. Under ORS 157.010,[2] the city moved to dismiss the appeals because the circuit court does not have appellate jurisdiction over municipal court convictions arising from guilty pleas. The circuit court granted the city's motion without holding a hearing after defendant failed to respond to the motion. Defendant argues that the circuit court erred in doing so, because defendant also had the right to a limited appeal pursuant to ORS 157.070.[3] Defendant argues that if he had

---

[1] As relevant here, ORS 166.065(1)(c) provides that a person commits harassment they intentionally:

"(c) Subject[] another to alarm by conveying a telephonic *** threat to inflict serious physical injury on that person or to commit a felony involving the person or property of that person or any member of that person's family, which threat reasonably would be expected to cause alarm."

[2] In effect at the time of defendant's conduct, *former* ORS 157.010 (2025), *repealed by* Or Laws 2025, ch 268, § 35, provided:

"In a criminal action in a justice court, except where the judgment is given on a plea of guilty, an appeal may be taken from a judgment of conviction to the circuit court for the county in which the judgment is given, as prescribed in this chapter, and not otherwise."

"Municipal courts have concurrent jurisdiction with justice courts over misdemeanors committed in the city in which they sit, ORS 221.339(2), and serve as justice courts when they hear misdemeanor offenses." *State v. Steed*, 340 Or App 352, 353 n 1, 571 P3d 168 (2025); *City of Milton-Freewater v. Ashley*, 214 Or App 526, 531, 166 P3d 587 (2007).

[3] *Former* ORS 157.070 (2025), *repealed by* Or Laws 2025, ch 268, § 35 provided:

been given an opportunity to respond to the city's motion, he could have contested whether he actually pleaded guilty and presented evidence that the municipal court records were inaccurate.[4] Defendant requests that we reverse the dismissals. Our precedent forecloses his ORS 157.070 argument. In *City of Stayton v. Wilson*, 47 Or App 701, 703, 615 P2d 371 (1980), we held that "ORS 157.070 does not apply to municipal court[]" prosecution for harassment. Without addressing the requirement that we must find a case is "plainly wrong" to overrule it, defendant asks us to do so and hold that a defendant who pleads guilty in a municipal court acting as a justice court gives up the right to a full appeal under ORS 157.010, including a retrial in the circuit court, but retains the limited right to appeal under ORS 157.070.

The state argues that we should decline to consider defendant's unpreserved assignments of error as "plain error" because defendant has not asked for such review nor met his burden to demonstrate why it would be warranted. *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless [a defendant] has explicitly asked us to do so[.]").

Defendant argues that we should consider his unpreserved arguments because preservation is not required as

---

"No provision of ORS 157.010 to 157.065, in relation to appeals or the right to appeal in criminal actions, shall be construed to prevent either party in a justice court from having an interlocutory order which involves the constitutionality of a statute or of the proceedings which may affect the final judgment or the judgment reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith, as provided in ORS 34.010 to 34.100."

[4] Defendant asserts three, unpreserved, *pro se* supplemental assignments of error, that would require us to look behind the attorney-client relationship and determine what defendant personally knew. We do not need to reach these assignments of error because they have not been fully briefed, and the trial court did not have an opportunity to address them. Nothing in the record indicates there was a problem with counsel, nor are there requests in the municipal court or circuit court to replace counsel. Defendant does not request plain error review. We decline to exercise our discretion to review these unpreserved errors. ORAP 5.45(1). In two other cases issuing today, *City of Eugene v. Hejazi*, ___ Or App ___, ___ P3d ___ (May 13, 2026), *City of Eugene v. Hejazi*, ___ Or App ___, ___ P3d ___ (May 13, 2026), the records in those cases clearly establish that defendant did not have the benefit of counsel while filing his notice of appeal or during the time the circuit court was acting to dismiss those cases. We have remanded those cases.

"the circuit court granted the motions to dismiss without giving defendant an opportunity to respond[.]" However, the circuit court record in this case reflects that the city filed its motions to dismiss on February 16, 2024. At that time, defendant was represented by counsel. The city's motions reflect that the motions to dismiss were sent by email to defendant's counsel. The trial court did not grant the motions to dismiss until March 5, 2024, giving defendant nearly three weeks to respond, in accordance with the Lane County Circuit Court's established procedures for criminal motions.[5]

In support of his argument, defendant relies on the case *Dillard v. Premo*, 296 Or App 798, 803, 441 P3d 609 (2019). In that case, the error "appeared for the first time in the judgment," and, under those circumstances, we excused the petitioner from the preservation requirement. *Id*. However, the situation in this case is different from that in *Dillard* because, here, defendant had approximately three weeks to respond to the motions to dismiss or, as the state argues, to assert that his notices of appeal were in fact petitions for a writ of review on one of the grounds enumerated in ORS 157.070, and explain why *Wilson* did not apply to him or was plainly wrong. Defendant did not do so, which deprived the city and the trial court an opportunity to respond to defendant's arguments, develop a record, and potentially avoid any error. *See State v. Lulay*, 290 Or App 282, 289, 414 P3d 903, *rev den*, 363 Or 283 (2018) (citing *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008)) ("The primary purposes of the preservation rule are to allow the trial court to consider a contention and correct or avoid any error, to allow the opposing party an opportunity to respond to a contention, and to foster full development of the record."). Considering defendant's unpreserved arguments in this case would undermine the purposes of preservation.

If we excuse preservation, defendant argues that we should overrule *Wilson* because the phrase "ORS 157.070 does not apply to municipal courts" is in tension with later

---

[5] The Lane Circuit Court Supplementary Local Rule (SLR) 4.051(2) in effect at the time of this case provided: "All criminal motions, demurrers, other than challenges to an indictment, and matters subject to ORS 135.805 to 135.873 will be considered on the third succeeding Wednesday after the same shall have been filed, unless otherwise ordered by the court."

decisions from our court and the Supreme Court, which hold that ORS 157.070 does apply to municipal cases where a municipal court is functioning as a justice court and a municipal court "hears a prosecution for a state offense[.]" *See City of Lake Oswego v. Mylander*, 301 Or 178, 180, 721 P2d 433 (1986) (holding that "when a municipal court tries a state traffic offense it is exercising authority as a justice court" and that it is therefore subject to ORS 51.050(2), which governs the transfer of cases from justice court to district court); *Henderson v. Smith*, 282 Or 109, 113-14, 577 P2d 504 (1978) (holding that a defendant could appeal a state traffic offense conviction in municipal court to the circuit court under ORS 157.010). The state concedes that the relevant statement in *Wilson* is in tension with subsequent decisions, including our recent decision *State v. Steed*, 340 Or App 352, 353 n 1, 571 P3d 168 (2025), in which we explained that ORS 157.010, like ORS 157.070, only mentioned "justice courts," but nonetheless applied to municipal courts that "adjudicate state misdemeanor offenses."[6]

Even if we overlooked the preservation requirement, we would decline to revisit *Wilson* because any problem created by not recognizing that the municipal court in *Wilson* was acting as a justice court for purposes of ORS 157.070 will have no effect on the further development of the law because the 2025 Oregon Legislature repealed ORS 157.070. HB 2460 § 35 (2025). In that same bill, the legislature specifically provided for the availability of writs of review from both municipal courts and justice courts. *See id.* at § 43 ("The right of a party in a municipal court to appeal *** may not be construed to prevent any party from seeking review in the circuit court under ORS 34.010 to 34.100 for errors of law appearing on the face of the judgment entered by the municipal court ***."); *id.* at § 15 (providing the same with respect to justice courts). Accordingly, even if *Wilson* is plainly wrong in holding that ORS 157.070 does not apply to municipal courts when they are acting as justice courts, sections 35 and 43 of HB 2460 (2025) effectively supersede that holding.

---

[6] In *Steed*, we held that ORS 157.010 bars appeals from convictions following guilty pleas, but not pleas of no contest, in municipal courts acting as justice courts. 340 Or App at 355-56.

Because defendant did not preserve his arguments, and he does not request plain error review, we do not disturb the trial court's dismissals of defendant's appeals.

Affirmed.