Argued and submitted November 2, 2006, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings March 8, 2007

# PERCY LEE WARE,
*Petitioner on Review,*

*v.*

# Guy HALL,
Superintendent,
Two Rivers Correctional Institution,
*Respondent on Review.*

(CV050218; CA A127954; SC S53337)

154 P3d 118

James N. Varner, Newberg, argued the cause and submitted the briefs for petitioner on review.

Kathleen Cegla, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Balmer, Kistler, and Walters, Justices.**

---

** Carson, J., retired December 31, 2006, and did not participate in the decision of this case. Linder, J., did not participate in the consideration or decision of this case.

KISTLER, J.

**KISTLER, J.**

In this post-conviction case, the trial court entered judgment dismissing the post-conviction petition with prejudice the same day that the petition was filed. The Court of Appeals affirmed the trial court's judgment without opinion. *Ware v. Hall*, 204 Or App 457, 130 P3d 808 (2006). Because we conclude that the trial court erred in dismissing the petition with prejudice, we reverse the Court of Appeals decision and the trial court's judgment and remand for further proceedings.

We take the facts from the allegations in the post-conviction petition. In 2002, a jury convicted petitioner of first-degree and second-degree robbery, and the trial court imposed "an upward departure sentence under Oregon's sentencing guidelines." Petitioner did not appeal that conviction. He then filed his first post-conviction petition. Petitioner's first post-conviction petition was not successful, and he filed this second, successive post-conviction petition in 2005, after the United States Supreme Court issued its decision in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004).

The second petition alleges primarily two grounds for relief. First, it alleges that the trial court imposed an upward departure sentence in violation of the rules announced in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely*. Second, the petition alleges that petitioner's trial counsel was constitutionally inadequate for failing to challenge his sentence on the grounds announced in *Apprendi* and *Blakely*.[1]

In the petition, petitioner acknowledges that he previously had sought post-conviction relief from his 2002 robbery convictions. The petition alleges, however:

> "The present postconviction petition by petitioner presents federal constitutional issues that could not have been raised by Petitioner in his first post conviction case

---

[1] The petition also alleges, without further explanation, that petitioner's sentence "violated Oregon's cruel and unusual clause, federal law, due process, and the equal protection of the law as it was being applied to Petitioner."

and he should therefore now be allowed to raise his unlawful upward departure sentence."

The clerk's office filed the post-conviction petition on February 17, 2005, and the trial court filed a general judgment that same day denying the petition.[2] The judgment states:

"The Petition for Post-Conviction Relief is denied based upon the following findings and conclusions: Petitioner has previously pursued post-conviction relief in Umatilla Case # CV030723."

By entering a general judgment, the court dismissed the petition with prejudice. *See* ORS 18.082(3) (entering a general judgment dismisses claims for relief with prejudice unless the court notes that it is dismissing those claims without prejudice).[3] The record does not reflect that the trial court provided petitioner with an opportunity to be heard before it dismissed the petition with prejudice. Rather, the trial court dismissed the petition on its own motion without prior notice to petitioner or his counsel.

Before the Court of Appeals, petitioner acknowledged that ORS 138.550(3) generally bars successive post-conviction petitions. He noted, however, that ORS 138.550(3) permits a successive petition if "the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." Petitioner argued that his second petition fell within that exception. He contended, consistently with the allegation in his second petition, that he reasonably could not have challenged his upward departure sentence until the United States Supreme Court issued its decision in

---

[2] Although the second post-conviction petition bears a stamp showing that it was filed on February 17, 2005, the record reveals that the trial court received the petition before that date. On February 13, 2005, the trial court signed and dated a notation at the end of the petition that it was dismissing the petition with prejudice because petitioner previously had pursued post-conviction relief. Three days later, on February 16, 2005, the trial court signed a general judgment denying the petition for post-conviction relief. As noted, the court filed both the petition and the judgment dismissing the petition on February 17, 2005. The trial court entered the judgment in the case register on February 23.

[3] The trial court's use of a general judgment is consistent with its stated intent to dismiss the petition with prejudice. *See* note 2 above (describing court's notation on petition).

*Blakely* in 2004. Petitioner also argued that ORS 138.550(3) required the trial court to hold a hearing before determining whether his claim—that he could not have challenged his upward departure sentence before the Court issued its decision in *Blakely*—had any merit. The Court of Appeals affirmed the trial court's judgment without opinion, and we allowed review.

We begin with the question whether ORS 138.550(3) required the court to hold a hearing before dismissing petitioner's post-conviction petition with prejudice. Focusing on the word "hearing" in ORS 138.550(3), petitioner argues that that statute required the trial court to provide him with an opportunity to be heard before it dismissed his petition. The superintendent does not dispute petitioner's reading of ORS 138.550(3); rather, he argues that a later-enacted statute, ORS 138.525, created an exception to that requirement and authorized the trial court to dismiss the petition without providing petitioner any opportunity to be heard.

The parties' arguments raise three related but separate issues. The first is whether ORS 138.550(3) required the trial court to hold some kind of a hearing before it dismissed the petition for post-conviction relief. The second is whether, even if ORS 138.550(3) generally would require a hearing, ORS 138.525 creates an exception to that requirement. The final issue is whether, if a trial court may dismiss a petition without providing notice and an opportunity to be heard, it may dismiss the petition with prejudice, as the trial court did here.

ORS 138.550(3), the subsection on which petitioner relies, provides:

> "All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived, unless the court *on hearing a subsequent petition* finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. * * *"

(Emphasis added.) Petitioner argues that, by using the word "hearing" in ORS 138.550(3), the legislature expressed its intent that a trial court would hold some type of hearing

before deciding whether a petitioner reasonably could have raised, in the first petition, the grounds for relief that the petitioner asserts in a later petition.

ORS 138.550(3) uses the phrase "on hearing a subsequent petition." The word "hearing" in that phrase refers to the act of hearing or considering a subsequent petition. Although the legislature's use of the word "hearing" does not refer to a specific type of hearing, it does assume that some kind of hearing will occur. The text of ORS 138.550(3) thus provides some support for petitioner's argument that the legislature required trial courts to conduct hearings before dismissing successive petitions. The context, however, provides stronger support for petitioner's position.

The legislature enacted ORS 138.550 as part of the 1959 post-conviction act. *See* Or Laws 1959, ch 636, § 15 (enacting ORS 138.550 in substantially its present form). That act both created a right to post-conviction relief and established a comprehensive set of procedures for resolving post-conviction claims. Or Laws 1959, ch 636, §§ 3, 6-14. ORS 138.560 sets out the procedures for filing a petition for post-conviction relief. *See* Or Laws 1959, ch 636, § 6 (enacting ORS 138.560 in substantially its present form). ORS 138.590 authorizes indigent petitioners to file a request for appointed counsel simultaneously with the petition and authorizes trial courts to appoint counsel when appropriate; ORS 138.610 directs the superintendent to respond to a petition "by demurrer, answer or motion"; and ORS 138.620 provides that the court "shall proceed to a hearing on the issues raised" by the response. Or Laws 1959, ch 636, §§ 6, 9, 11, and 12 (enacting relevant parts of ORS 138.560, ORS 138.590, ORS 138.610, and ORS 138.620 in substantially their present form).

Specifically, ORS 138.620 provides:

"(1) After the response of the [superintendent] to the petition, *the court shall proceed to a hearing* on the issues raised. If the [superintendent's] response is by demurrer or motion raising solely issues of law, *the circuit court need not order that petitioner be present at such hearing, as long as petitioner is represented at the hearing by counsel.* At the

hearing upon issues raised by any other response, the circuit court shall order that petitioner be present. * * *

"(2)   If the petition states a ground for relief, the court shall decide the issues raised and may receive proof by affidavits, depositions, oral testimony or other competent evidence. * * *."

(Emphasis added.) *See* Or Laws 1959, ch 636, § 12 (enacting ORS 138.620 in substantially its present form) (emphasis added).

As originally enacted, the 1959 post-conviction act did not authorize a trial court to dismiss a post-conviction petition summarily. It did not contain any exception to the requirement in ORS 138.620 that the trial court "shall proceed to a hearing" on the issues raised by the response to the petition.[4] Indeed, ORS 138.590 provided that, even when the petitioner's counsel had filed an affidavit stating that the petition could neither be construed nor amended to state a ground for relief, that "affidavit [would] not constitute a ground for denying the petition *prior to a hearing upon its sufficiency*." *See* Or Laws 1959, ch 636, § 9(4) (enacting the corresponding part of ORS 138.590(5) in substantially its present form) (emphasis added).[5]

Viewed against that context, the legislature's use of the word "hearing" in ORS 138.550(3) takes on a clearer meaning. When the legislature used the word "hearing" in

---

[4] Although ORS 138.620 contemplates that a trial court will not resolve a post-conviction petition without holding some type of hearing, it does not contemplate an evidentiary hearing in every case. Rather, ORS 138.620 distinguishes between two types of hearings. Subsection (1) addresses hearings on responses raising "solely issues of law," and subsection (2) addresses the types of evidence that are admissible in hearings when "the petition states a ground for relief."

[5] As enacted in 1959, that subsection provided (and still provides), in part:

"If appointed counsel believes that the original petition cannot be construed to state a ground for relief under ORS 138.510 to 138.680, and cannot be amended to state a ground for relief, counsel shall, in lieu of moving to amend the petition, inform the petitioner and notify the circuit court of counsel's belief by filing an affidavit stating the belief and the reasons therefor with the clerk of the circuit court. This affidavit does not constitute a ground for denying the petition prior to a hearing upon its sufficiency, but the circuit court may consider the affidavit in deciding upon the sufficiency of the petition at the hearing."

ORS 138.590(5).

ORS 138.550(3), it intended to refer to a "hearing" within the meaning of ORS 138.620. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (recognizing that, as a general rule, the same word has the same meaning throughout a statute).

It follows that the trial court erred in summarily dismissing the petition in this case unless, as the superintendent argues, a later-enacted statute—ORS 138.525—gave the trial court that authority. That statute provides:

"(1) The court may, on its own motion or on the motion of the defendant, enter a judgment denying a meritless petition brought under ORS 138.510 to 138.680.

"(2) As used in this section, "meritless petition" means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.

"(3) Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable.

"(4) A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel."

Focusing on subsections (1) and (4), the superintendent argues that ORS 138.525 authorizes trial courts to depart from the procedures set out in ORS 138.620 and ORS 138.550(3). He reasons that, under ORS 138.525, a court may dismiss a successive petition without any hearing when it is clear from the face of the petition that the petition fails to state a claim for post-conviction relief.

We agree with the superintendent that ORS 138.525(1) recognizes that a trial court may, on its own motion, intervene at any stage of a post-conviction proceeding and dismiss a meritless petition. That much follows from the text and context of ORS 138.525. As noted, the 1959 act had established an orderly set of procedural steps for filing a petition, appointing counsel, receiving a response from the superintendent, and then holding some type of hearing on that response. In enacting ORS 138.525, the legislature provided in subsection (1) that trial courts may enter judgment on their own motion and stated in subsection (4) the consequences of entering judgment before appointing counsel and

holding a hearing—dismissal without prejudice. Subsection (4) necessarily assumes that courts may dismiss a meritless petition without following each of the procedural steps set out in the 1959 act.[6] We thus agree with the superintendent that the trial court could dismiss a meritless petition without the hearing that ORS 138.550(3) contemplates. *See Bobo v. Kulongoski*, 338 Or 111, 116, 107 P3d 18 (2005) (when statutes conflict, the later, more specific statute controls).

One last statutory issue remains—whether the trial court erred in dismissing the petition with prejudice. On that issue, the superintendent recognizes that, under ORS 138.525(4), dismissal is without prejudice if the trial court does not provide a hearing and if counsel does not represent the petitioner. He also recognizes that the trial court dismissed the petition in this case with prejudice. He argues, however, that ORS 138.525(4) permits a trial court to dismiss a meritless petition with prejudice if, as in this case, the petitioner has counsel but no hearing.[7]

The superintendent's argument is difficult to square with the text of ORS 138.620 and ORS 138.525. As noted, ORS 138.620 requires both a hearing and counsel, if appropriate, before a court may dismiss a petition with prejudice.[8] ORS 138.525(4) assumes that a court may dismiss a meritless petition without counsel and without a hearing but only if the dismissal is without prejudice. Nothing in the text or

---

[6] To the extent that the text and context leave any doubt about the legislature's intent, the legislative history removes it. *See Roberts v. SAIF*, 341 Or 48, 53-56, 136 P3d 1105 (2006) (looking to legislative history to confirm legislature's intent). In explaining why the legislature should amend House Bill 2352 to add what would become ORS 138.525, Ross Shepard of the Oregon Criminal Defense Lawyers Association told a subcommittee that that provision would "allow for a dismissal *at any time* during the proceedings of a meritless petition." Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2352, Apr 7, 1993, Tape 70, Side A (emphasis added). He explained that, under the new provision, a trial court could intervene at any point in the process set out in ORS chapter 138 and dismiss a meritless petition—even before the court appointed counsel. *Id.* Shepard later noted that, under the new provision, "a judge [could] just summarily right out of the box dismis[s]" the petition. *Id.* at Tape 71, Side A.

[7] We assume that petitioner had counsel, but the issue is not free from doubt. Counsel filed the initial petition for post-conviction relief, which alleges somewhat contradictorily that petitioner is proceeding *pro se*.

[8] Under ORS 138.590, a trial court need not appoint counsel if the petitioner is not indigent. Moreover, even when a petitioner is indigent, he or she may choose to waive his or her statutory right to appointed counsel and proceed *pro se*.

context of ORS 138.525(4) suggests that the legislature intended to craft a broader exception to the requirements in ORS 138.620 than ORS 138.525 provides; that is, nothing suggests that a court may dismiss a meritless post-conviction petition *with* prejudice if the petitioner has counsel but not some kind of a hearing. We cannot add an exception to the requirements of ORS 138.620 that the legislature omitted.

It follows that the trial court erred when it dismissed the post-conviction petition with prejudice without providing petitioner or his counsel any opportunity to be heard. Although the trial court erred, the superintendent argues that we still may affirm the trial court's judgment. The superintendent contends that we can hold that, even when liberally construed, this petition fails to state a claim for post-conviction relief. Given the procedural posture in which this case arises, however, we decline to reach that alternative ground for affirmance.

As noted, ORS chapter 138 contemplates two different courses for resolving post-conviction petitions. On the one hand, a court may appoint counsel, hold a hearing, and, if appropriate, permit amendments to the petition. *See* ORS 138.590 (authorizing appointment of counsel); ORS 138.610 (permitting amendments); ORS 138.620 (providing for hearings on petitions). Having followed that course, a court may dismiss the petition with prejudice. *See* ORS 138.640 (describing form of judgment). On the other hand, a trial court may dismiss a meritless petition before appointing counsel and without a hearing but only if it dismisses without prejudice—a course that could leave a petitioner free to file another post-conviction petition. ORS 138.525.

ORS chapter 138 leaves it to the trial court, in the first instance, to decide which course to follow. Here, the trial court followed neither course. Rather, it departed from the statutory scheme and, in so doing, deprived petitioner of the opportunity either to make a record at a hearing or to file a later petition if the court dismissed without prejudice. In these circumstances, we do not think it is appropriate to uphold a judgment dismissing the petition with prejudice. Rather, we remand this case to the trial court to determine

whether to dismiss without prejudice under ORS 138.525 or to hold a hearing on petitioner's claim under ORS 138.620.[9]

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[9] Given our disposition of this case, we do not reach the merits of petitioner's claims and express no opinion on them.