Submitted September 1, 2015, appeal dismissed January 27, petition for review allowed September 15, 2016 (360 Or 400)

**CARVEL GORDON DILLARD,**
*Petitioner-Appellant,*

*v.*

**Jeff PREMO,**
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
10C22490; A156063

366 P3d 797

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Ortega, Judge, and Tookey, Judge.

ORTEGA, J.

## ORTEGA, J.

Petitioner filed a petition for post-conviction relief. The trial court, without holding a hearing, dismissed the petition with prejudice for failure to state a claim. Petitioner appealed the trial court's judgment, arguing that the trial court erred in (1) dismissing his petition for failure to state a claim and (2) in dismissing the petition with prejudice. *See* ORS 138.525(4) ("A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel."); *Ware v. Hall*, 342 Or 444, 453, 154 P3d 118 (2007) ("[N]othing suggests that a court may dismiss a meritless post-conviction petition *with* prejudice if the petitioner has counsel but not some kind of a hearing." (Emphasis in original.)).

After the appellate briefing was complete, defendant filed a motion to dismiss, arguing that we lacked jurisdiction, because the judgment dismissed petitioner's petition as meritless. *See* ORS 138.525(3) ("Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable."). The Appellate Commissioner denied defendant's motion to dismiss. On further review, we dismiss petitioner's appeal for lack of jurisdiction.

In determining whether we have jurisdiction of this appeal, we reconcile ORS 138.525(3), which expressly provides that a judgment dismissing a post-conviction petition as meritless is not appealable, and the Supreme Court's decision in *Ware*, which outlines the strict statutory requirements governing a post-conviction court's dismissal of a meritless petition under ORS 138.525(4). We note that, in *Ware*, the Supreme Court focused on the statutory requirements of ORS 138.525(4) in the context of determining whether ORS 138.525 authorized a post-conviction court to depart from the procedures in ORS 138.620 and ORS 138.550 and dismiss a successive petition without a hearing if the petition was meritless. 342 Or at 451-52. Ultimately, having concluded that the post-conviction court had such authority, the court remanded the case to the post-conviction court "to determine whether to dismiss without prejudice under ORS 138.525 or to hold a hearing on petitioner's claim under ORS 138.620." *Id.* at 453. Thus, the court in *Ware* did not have

occasion to address ORS 138.525(3). However, in *Young v. Hill*, 347 Or 165, 173, 218 P3d 125 (2009), the Supreme Court addressed the effect of that statute, reasoning that ORS 138.525(3) "is unambiguous: petitions that fail to state a claim are meritless, and a judgment dismissing a petition as meritless is not appealable."

Here, the post-conviction court's order did not expressly state that it was dismissing the petition as meritless; however, it need not do so explicitly. In *Young*, the court stated:

"Neither ORS 138.525 nor any other source of law requires the judgment expressly to designate a petition as meritless. Nor must the judgment expressly recite that the dismissal is for failure to state a claim. The only question is whether, in fact, that is the ground on which the trial court dismissed the petition."

347 Or at 171. In this case, the allegations in the motion to dismiss and the trial court's judgment indicate that the trial court indeed dismissed the petition for failure to state a claim.

Accordingly, we dismiss petitioner's appeal for lack of jurisdiction. *See Pedroso v. Nooth*, 251 Or App 688, 698, 284 P3d 1207 (2012), *rev den*, 353 Or 203 (2013) (dismissing defendant's appeal where the "post-conviction court entered a judgment after granting the state's motion to dismiss the petition for failure to state a claim upon which post-conviction relief may be granted").

Appeal dismissed.