No. 54          October 19, 2017          41

IN THE SUPREME COURT OF THE
STATE OF OREGON

CARVEL GORDON DILLARD,
*Petitioner on Review,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary
*Respondent on Review.*

(CC 10C22490; CA A156063; SC S064028)

On review from Court of Appeals.*

Argued and submitted March 3, 2017, at Willamette College of Law, Salem, Oregon.

Jed Peterson, O'Connor Weber LLC, Portland, argued the cause and filed the brief for the petitioner on review.

Erin K. Galli, Assistant Attorney General, Salem, argued the cause and filed the brief for the respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Nakamoto, and Flynn, Justices.**

WALTERS, J.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

Balmer, C. J., dissented and filed an opinion, in which Landau, J., joined.

_____

\* Appeal from Marion County Circuit Court, Dale W. Penn, Judge. 276 Or App 65, 366 P3d 797 (2016).

\*\* Baldwin, J., retired March 31, 2017, and did not participate in the consideration of this case. Brewer, J., retired June 30, 2017, and did not participate in the decision of this case. Duncan, J., did not participate in the consideration or decision of this case.

**WALTERS, J.,**

ORS 138.525 governs the dismissal of meritless post-conviction petitions. ORS 138.525(4) requires that a dismissal be "without prejudice" if a meritless petition is dismissed without a hearing. In this case, the post-conviction court failed to conduct a hearing, but nevertheless dismissed the case "with prejudice." Petitioner appealed the judgment to the Court of Appeals. In that court, defendant—who is the superintendent of the Oregon State Penitentiary—conceded that the post-conviction court had erred but contended that the appellate court did not have jurisdiction to correct the error because ORS 138.525(3) provides that a judgment dismissing a meritless petition is not appealable. The Court of Appeals agreed and dismissed the appeal. *Dillard v. Premo*, 276 Or App 65, 67, 366 P3d 797 (2016). Petitioner now seeks review of that decision in this court.[1] We conclude that the legislature did not intend to preclude appellate correction of the post-conviction court's error. We reverse the decision of the Court of Appeals and remand to that court for further proceedings.

Petitioner was charged with four counts of sexual abuse in the second degree and four counts of prostitution. The indictment alleged crimes against two victims. Petitioner was not represented by counsel at trial. A jury found petitioner not guilty of the counts involving one of the victims, but found petitioner guilty of two counts involving the other victim. Petitioner unsuccessfully pursued a direct appeal. *State v. Dillard*, 233 Or App 510, 226 P3d 130, *rev den*, 348 Or 461 (2010).

Petitioner then filed a timely *pro se* petition for post-conviction relief. He alleged (1) prosecutorial misconduct that, he claimed, violated his federal rights to a fair trial and due process under *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), and that could not reasonably have been raised and preserved before or during his trial proceedings; (2) trial court errors, including denial

---

[1] After merits briefs were filed in this case, petitioner filed a *pro se* motion asking this court to declare ORS 138.525 unconstitutional. That issue is beyond the scope of the question allowed for review, and we deny the motion without further discussion.

of appointed counsel, that, he alleged, could not effectively have been raised and preserved during the trial proceedings; (3) ineffective assistance of appellate counsel; and (4) actual innocence. Defendant filed a motion pursuant to ORCP 21 A(8) to dismiss the petition for failure to state ultimate facts sufficient to constitute post-conviction claims. Defendant contended that petitioner's 36-page handwritten petition identified the "facts of the case" but made no cognizable legal claims; that petitioner "was aware" of the facts that he alleged and reasonably could have litigated them at the time of trial; that his claims of inadequate assistance of appellate counsel stated only what counsel had failed to do and not "ultimate facts," and did not articulate how the failures prejudiced petitioner; and that actual innocence is not a claim for relief under Oregon law.

Petitioner was represented by counsel at that time, and, although the *pro se* petition at issue requested a hearing, counsel did not request a hearing on defendant's motion, and, as defendant recognizes, the post-conviction court did not grant a hearing. Instead, the court found defendant's arguments persuasive, adopted them, and granted defendant's motion. Subsequently, the court entered a general judgment dismissing the action "with prejudice." As defendant concedes, dismissal of the action "with prejudice" was error. ORS 138.525(4). The question before us is whether, as defendant argues, ORS 138.525(3) bars an appellate court from correcting that error.

ORS 138.525 provides:

"(1)   The court may, on its own motion or on the motion of the defendant, enter a judgment denying a meritless petition brought under ORS 138.510 to 138.680.

"(2)   As used in this section, 'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.

"(3)   Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable.

"(4)   A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel."

In interpreting that statute, our objective is to discern legislative intent. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). To do so, we examine a statute's text, context, and legislative history, generally beginning with its text. *Id.* at 171-72.

In this case, defendant argues that the text is unambiguous: ORS 138.525(2) defines a "meritless petition" as one that, "when liberally construed, fails to state a claim upon which post-conviction relief may be granted." ORS 138.525(3) provides that "a judgment dismissing a meritless petition is not appealable." That plainly means, defendant asserts, that, when a post-conviction court grants a motion to dismiss a petition as meritless, and a judgment of dismissal is entered, no appeal may be taken. In defendant's view, subsection (3) explicitly bars appeal not only of a court's decision to grant a motion to dismiss a petition as meritless but also of all other rulings in the case, such as the ruling that is the focus of this appeal—the ruling that the dismissal is "with prejudice."

Petitioner responds that subsection (3) cannot be read in isolation. Petitioner argues that subsection (3) can be read to bar an appeal of a judgment only when a post-conviction court enters a judgment in accordance with subsection (4), either dismissing the petition "without prejudice" or, if "with prejudice," after appointing counsel and conducting a hearing. Petitioner's argument raises questions about the meaning that the legislature intended to give to the terms used in subsection (3). That is, instead of having their ordinary meanings, the terms "judgment," and "judgment dismissing," could be used in subsection (3) to refer only to a judgment or dismissal entered in accordance with subsection (4). Read in that way, a judgment dismissing a meritless petition "without prejudice" would not be appealable, regardless of whether counsel had been appointed or a hearing had been held, but a judgment dismissing a meritless petition "with prejudice" would be appealable if those protections had not been afforded.

To help us determine whether ORS 138.525 is as clear as defendant argues and to provide additional context, we consider two relevant cases construing that statute. *See*

*State v. McAnulty*, 356 Or 432, 441, 338 P3d 653 (2014) (in
determining legislative intent, "[w]e also consider this court's
prior construction of the statutes at issue"). In *Ware v. Hall*,
342 Or 444, 446-47, 154 P3d 118 (2007), as in this case, a
petitioner represented by counsel filed a petition for post-
conviction relief, and, without a hearing, the post-conviction
court dismissed the petition "with prejudice."[2] The court
interpreted subsection (1) of ORS 138.525 to grant a post-
conviction court authority to summarily dismiss a meritless
petition. *Id.* at 451-52. However, the court also looked to sub-
section (4) as providing important context and as limiting a
court's exercise of its authority under subsection (1). *Id.* The
court interpreted ORS 138.525 as precluding a court from
dismissing a post-conviction petition "with prejudice" if the
petitioner had not been afforded a hearing. *Id.* at 452-53.
Thus, *Ware* provides some support for petitioner's argument
that, in interpreting subsection (3) of the same statute, we
not only must look to the text of that subsection, but we also
must give effect to subsection (4).

        Weighing against that argument and interpreta-
tion, defendant contends, is this court's decision in *Young
v. Hill*, 347 Or 165, 173, 218 P3d 125 (2009), characteriz-
ing ORS 138.525 as "unambiguous." In *Young*, the question
before the court was the basis for the post-conviction court's
ruling; that is, the question was whether the court had dis-
missed the petition because it failed to state a claim and
therefore was meritless or whether the court had reached the
merits of the stated claim and nevertheless had dismissed
it. *Id.* at 169-70. The court decided that a post-conviction
court need not expressly state that a petition is meritless for
ORS 138.525, including the bar on appeals, to apply; rather,
"[t]he only question is whether, in fact, that is the ground
on which the \*\*\* court dismissed the petition." *Id.* at 171.
It was in that context that the court said, "[t]he statute is
unambiguous: petitions that fail to state a claim are mer-
itless, and a judgment dismissing a petition as meritless is
not appealable." *Id.* at 173.

---

[2] Although *Ware* involved the interpretation and application of ORS 138.525,
the issue of appealability was not raised, and thus, this court did not address the
issue that arises in this case.

In this case, however, the question is not whether the post-conviction court considered the petition to be meritless, but whether the legislature intended to bar appeals of judgments that are not entered in accordance with ORS 138.525(4). We find it significant that, in *Young*, the court stated that the legislative history of ORS 138.525 reveals that "the legislature meant exactly what it said—that a meritless post-conviction petition was one that failed to state a claim, and that there would be no right to appeal the dismissal of such a petition, *when the petitioner was represented by counsel*." *Young*, 347 Or at 174 n 8 (emphasis added). *Young* raises, rather than addresses, the question that this case presents: whether the legislature intended to foreclose appeal when a post-conviction court fails to either appoint counsel or hold a hearing in accordance with ORS 138.525(4), but nevertheless enters a judgment dismissing a petition with prejudice.

We therefore turn, as the court did in *Young*, to legislative history for assistance. That history demonstrates that, in enacting the bill that became ORS 138.525, the legislature intended to preclude appeal of a post-conviction court's determination that a post-conviction petition fails to state a claim for relief, *but only* after the petitioner has had a fair opportunity to argue that issue in the post-conviction court with counsel and after a hearing. The bill's proponents explained that, when a petitioner had not had counsel or a hearing, they intended that any dismissal be "without prejudice." Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2352, Apr 7, 1993, Tape 71, Side A (statements of Ross Shepard, Rep Kevin Mannix, and Assistant Attorney General Brenda Peterson). Accordingly, subsection (4) was added to the bill to provide that a petition that was dismissed without counsel or a hearing would be "without prejudice" and could be refiled, thereby preserving a petitioner's right to have arguments about the merits of the petition fairly considered. One of the bill's proponents explained that "what we're trying to get at with the dismissal without prejudice are these cases where the *** judge dismisses the petition without an attorney being appointed for these petitioners and does so before there's ever any evidence or any hearing, the judge simply

sees the petition and dismisses it because it doesn't state a ground for relief." Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2352, Apr 7, 1993, Tape 71, Side A (statement of Peterson). The legislature permitted the dismissal of that narrow group of cases, but it also recognized that dismissal in those circumstances does not necessarily reflect whether the case has merit and therefore allowed the petition to be refiled and more carefully considered.[3] That legislative intent to provide a remedy for dismissal without a hearing does not support an interpretation of ORS 138.525 that would permit a post-conviction court to both deny a hearing and preclude the remedy that the statute expressly provides. In fact, it would fly in the face of that legislative intent to interpret ORS 138.525 to preclude an appellate court from correcting a post-conviction court's error in doing so.

The text of ORS 138.525(3) makes the question a close one. However, when we read all of the provisions of ORS 138.525 together, as we did in *Ware*, and when we consider the legislative history, we conclude that ORS 138.525 does not bar appeal of a judgment entered without the benefit of counsel or a hearing, unless the judgment is entered in accordance with subsection (4) as a judgment "without prejudice." The legislature did not intend to preclude an appellate court from correcting a post-conviction court's erroneous designation of a judgment entered without counsel or a hearing as being "with prejudice."

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

**BALMER, C. J.,** dissenting.

I understand the majority's diligent effort to find a basis for petitioner to appeal the post-conviction judgment

---

[3] We do not agree with the dissent that this case is "entirely unlike" that narrow class of cases. 362 Or at 53 (Balmer, C. J., dissenting). Here, although the post-conviction court appointed counsel for defendant, it did not, as defendant recognizes, hold a hearing under ORS 138.620. *See Ware*, 342 Or at 453 (explaining that court may either hold hearing under ORS 138.620 and dismiss with prejudice, or dismiss without such a hearing, but only if it dismisses without prejudice).

at issue in this case. After all, the legislature has stated—expressly, if inartfully—that the dismissal of a meritless post-conviction petition "is without prejudice" if the petition "is dismissed without a hearing and the petitioner was not represented by counsel." ORS 138.525(4). The meritless petition here was dismissed after briefing in which petitioner was represented by counsel, but it was dismissed without a hearing, and it was dismissed "with prejudice." That was error. The majority's effort, however, runs directly into the legislature's even more explicit directive that "a judgment dismissing a meritless petition is not appealable." ORS 138.525(3). The majority's attempt to find a way around that unambiguous text is unpersuasive to me, and I therefore respectfully dissent.

The essential facts are few and undisputed. Petitioner filed a *pro se* petition for post-conviction relief, and the court appointed counsel to represent him. Defendant filed and briefed a motion pursuant to ORCP 21 A(8) to dismiss the petition for failure to state a claim. Counsel for petitioner filed a response. Neither party requested oral argument on the motion. Without holding a hearing, the post-conviction court granted the motion and later entered a general judgment dismissing the action "with prejudice." Petitioner appealed the judgment to the Court of Appeals, which dismissed the appeal for lack of jurisdiction, based on ORS 138.525(3), quoted above. *Dillard v. Premo*, 276 Or App 65, 67, 366 P3d 797 (2016).

Both parties also agree, or at least do not dispute for present purposes, that (1) the petition here was "meritless" under ORS 138.525(2) because, "when liberally construed, [the petition] fail[ed] to state a claim upon which post-conviction relief may be granted"; and (2) the post-conviction court erred in dismissing the petition with prejudice because ORS 138.525(4) provides that, if the dismissal occurred without a hearing, it is "without prejudice." The sole question here therefore is whether the judgment of dismissal can be appealed, particularly in light of ORS 138.525(3), which, as noted, provides that "a judgment dismissing a meritless petition is not appealable."

The majority cites *Ware v. Hall*, 342 Or 444, 451, 154 P3d 118 (2007), as providing support for using subsection (4) to interpret subsection (3) to bar an appeal only when a judgment is consistent with subsection (4). But *Ware* does not address ORS 138.525(3) at all, and the question of the appealability of a judgment dismissing a meritless petition, when that judgment is inconsistent with ORS 138.525(4), was never raised in that case. More to the point, the statute does not state that a judgment must be consistent with ORS 138.525(4) to be subject to the bar on appeals. The statute expressly defines a "meritless petition" in subsection (2), and that subsection makes no reference to dismissal with or without prejudice. Neither does the subject of subsection (3)—the nonappealability of "a judgment dismissing a meritless petition"—refer to subsection (4) or to whether the judgment dismissing the meritless petition was with or without prejudice. Put differently, the definition of "meritless petition" in subsection (2), which applies to both subsections (3) and (4), and which appears to constitute a completed thought about the kind of petition that is meritless, strongly suggests that the legislature did not intend the requirements in subsection (4) regarding a dismissal with or without prejudice to limit or further define the term "meritless petition." *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 614, 859 P2d 1143 (1993) ("The legislature knows how to include qualifying language in a statute when it wants to do so."). Whether a judgment dismissing a meritless petition complies with the requirements of ORS 138.525(4) or states that the dismissal is with or without prejudice does not affect whether the petition is "meritless" for purposes of ORS 138.525 and, therefore, whether the bar on appeal applies. *Ware* does not support the majority's holding.

While relying on a case that is inapposite, the majority downplays this court's unequivocal statement in *Young v. Hill*, 347 Or 165, 218 P3d 125 (2009), explaining the effect of a dismissal of a meritless petition:

> "*[T]he statute is unambiguous: petitions that fail to state a claim are meritless, and a judgment dismissing a petition as meritless is not appealable.* \* \* \*

> "The policy that the legislature has adopted \*\*\* is an unqualified one—no appeal lies from any judgment dismissing a petition for post-conviction relief for failure to state a claim."

*Id.* at 173-74 (emphasis added). *Young* did not involve the "with prejudice/without prejudice" issue presented here, but this court's opinion accurately observed that the bar on appeals of meritless petitions was "unambiguous," and the majority fails to demonstrate why that conclusion is not fatal to petitioner's argument here.

The majority also errs by conflating the issues of *appealability* and *reviewability*. As we stated in *State v. Montgomery*, 294 Or 417, 657 P2d 668 (1983):

> "*Appealability* generally is concerned with whether an appeal can be taken at all. Usually, but not always, appeals lie only from final judgments and orders. *Reviewability* generally involves the consideration of a variety of rulings and orders made by the court, usually before judgment."

*Id*. at 420 (emphases in original). Certainly, here, as in other contexts, if the judgment is appealable, the appellate court often can *review* the validity of various prejudgment rulings or orders by a post-conviction court. But that fact should not obscure the threshold issue of whether the final judgment is appealable at all. Here, it is not.

Petitioner relies on the interpretive rule in ORS 174.010, that, "where there are several provisions \*\*\* such construction is, if possible, to be adopted as will give effect to all." Petitioner contends that, if we allow the bar on appeals to apply even when the post-conviction court has failed to comply with ORS 138.525(4), then the "legislature's enactment of [that statute] would be rendered advisory." He warns that courts could "routinely violate the law and enter an unlawful judgment, but the case would be immune from appellate review."

Petitioner is incorrect. Petitioner had other opportunities to assert his right to have his meritless petition dismissed without prejudice under ORS 138.525(4) on the ground that the post-conviction court did not conduct a hearing. First, petitioner could have objected to the proposed

order and judgment submitted by defendant, which included the "with prejudice" wording, before the post-conviction court signed it. *See* UTCR 5.100(1) (requiring a party preparing a proposed judgment to provide opposing party with opportunity to object). Second, after entry of the judgment, petitioner could have moved the court to correct its error under ORCP 71 B. Given the clear mandate of ORS 138.525(4) that the dismissal of a petition as meritless is to be without prejudice unless the petitioner has counsel and the post-conviction court holds a hearing, I assume that the post-conviction court would have corrected its error, had it been brought to that court's attention. Finally, in the absence of an adequate remedy by appeal, petitioner could have sought to raise the issue of the post-conviction court's failure to comply with ORS 138.525(4) by filing a petition for a writ of mandamus under ORS 34.250. But petitioner did none of those things, and instead appealed the judgment and collided headfirst with ORS 138.525(3).

The majority and petitioner both look to the legislative history of ORS 138.525(4) and assert that the legislature wanted a petition to be dismissed without prejudice only when the petitioner was represented by counsel and had a hearing. I agree, and so does defendant. But that is not the issue before us. The issue here is whether such a petition that is erroneously dismissed with prejudice is appealable under ORS 138.525(3). Neither the majority nor petitioner points to any legislative history that suggests that subsection (3) means anything other than what it says: "[A] judgment dismissing a meritless petition is not appealable." Indeed, none of the legislative history they discuss relates to subsection (3) at all.

The majority identifies one example from the legislative history of the kind of unconsidered post-conviction court dismissal that subsection (4) would require to be made without prejudice: "[T]hese cases where the * * * judge dismisses the petition without an attorney being appointed for these petitioners and does so before there's ever any evidence or any hearing, the judge simply sees the petition and dismisses it because it doesn't state a ground for relief." 362 Or at 47-48 (quoting Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB

2352, Apr 7, 1993, Tape 71, Side A (statement of Assistant Attorney General Brenda Peterson)). Again, that statement merely supports the undisputed interpretation of subsection (4). It says nothing about whether an erroneous judgment can be appealed. Moreover, the example is entirely unlike the circumstances here. In this case, the post-conviction court did not simply dismiss the petition *sua sponte*. Rather, it appointed counsel for petitioner. Counsel filed an amended petition, although it was later withdrawn because of disagreements between counsel and petitioner. Defendant then filed a motion to dismiss. Counsel for petitioner filed a response. Neither party requested oral argument on the motion. The post-conviction court considered the motion and response, agreed with the defendant's arguments, sent a letter to the parties setting out its ruling, and later issued an order and a judgment embodying its decision. This is not the kind of case that was referred to in the quotation from the legislative history—and, even if it were, the testimony quoted is silent on the right to appeal.

The majority concludes its opinion by focusing, once again, on subsection (4) and asserting that because the legislature intended to "provide a remedy for dismissal without a hearing,"[1] it would interfere with that intent "to preclude an appellate court from correcting a post-conviction court's erroneous designation of a judgment entered without counsel or a hearing as being 'with prejudice.'" 362 Or at 48. With respect, the majority fails to demonstrate how the intent manifested in subsection (4) can control the emphatic text of subsection (3), barring the appeal of a meritless petition. And, in fact, there is nothing extraordinary about the legislature not providing for an appeal in these circumstances. As we have often said, "It is a well-settled principle

---

[1] We also should be clear about what kind of "hearing" would have sufficed here to comply with subsection (4). Petitioner does not suggest that defendant's motion to dismiss was an inappropriate vehicle for defendant to present its position, or that the granting of a motion to dismiss would be inappropriate (if correct on the merits) as the basis for a final judgment in a post-conviction proceeding. The "hearing" on defendant's motion would not have been an evidentiary hearing, but, rather, an oral argument by counsel for petitioner on the merits of the motion, lasting at most an hour or so, and, more likely, 10 or 15 minutes. Nothing in the record suggests that oral argument would have added anything to the written materials upon which the post-conviction court based its ruling.

that '[a] party does not have an inherent right to appellate court review; the right to appeal is wholly statutory and an appellant must establish that the decision from which the appeal is taken is appealable under some statutory provision.'" *State v. Cloutier*, 351 Or 68, 74, 261 P3d 1234 (2011) (quoting *Waybrant v. Bernstein*, 294 Or 650, 653, 661 P2d 931 (1983)). The legislature has provided a statutory right to appeal from a judgment in a post-conviction proceeding, ORS 138.650, but it could not have been more clear when it enacted ORS 138.525(3) and carved out an exception to that right: "Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable."

The majority and petitioner make reasonable arguments that it would be appropriate and fair to have appellate review of a judgment dismissing a meritless post-conviction petition when that dismissal is inconsistent with ORS 138.525(4). I agree. However, the post-conviction court, having considered defendant's motion to dismiss and the briefs of counsel for defendant and for petitioner, dismissed the petition as meritless; therefore, in the words of ORS 138.525(3), the judgment is "not appealable." I would affirm the order of the Court of Appeals dismissing petitioner's appeal.

Landau, J., joins in this dissenting opinion.