ORTEGA, J.
*800 The Supreme Court reversed our prior decision in this case, Dillard v. Premo , 276 Or. App. 65, 366 P.3d 797 (2016) ( Dillard I ), and remanded to us for further proceedings. Dillard v. Premo , 362 Or. 41, 403 P.3d 746 (2017) ( Dillard II ). In Dillard I , we dismissed petitioner's appeal, in which he argued that the post-conviction court erred in dismissing his petition for failure to state a claim and in dismissing his petition with prejudice without first holding a hearing. Dillard I , 276 Or. App. at 66-67, 366 P.3d 797. We concluded that we lacked jurisdiction to review those claims of error because ORS 138.525(3)[1] prohibits appeals of post-conviction petitions that are dismissed as meritless. Id. Dillard II reversed our decision, holding that " ORS 138.525 does not bar appeal of a judgment entered without the benefit of counsel or a hearing, unless the judgment is entered in accordance with * * * [ ORS 138.525(4) ] as a judgment 'without prejudice.' " Dillard II , 362 Or. at 48, 403 P.3d 746. On remand following that decision, we now reach the merits of petitioner's second assignment of error, which obviates our need *611 to address the first assignment of error. We hold that the post-conviction court erred when it dismissed petitioner's petition with prejudice without first holding a hearing, and we remand to the post-conviction court for further proceedings.
The pertinent facts are procedural and are summarized in Dillard II :
"Petitioner was charged with four counts of sexual abuse in the second degree and four counts of prostitution. The indictment alleged crimes against two victims. Petitioner was not represented by counsel at trial. A jury found petitioner not guilty of the counts involving one of the victims, but *801 found petitioner guilty of two counts involving the other victim. Petitioner unsuccessfully pursued a direct appeal. State v. Dillard , 233 Or. App. 510, 226 P.3d 130, rev. den. , 348 Or. 461, 234 P.3d 983 (2010).
"Petitioner then filed a timely pro se petition for post-conviction relief. He alleged (1) prosecutorial misconduct that, he claimed, violated his federal rights to a fair trial and due process under Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that could not reasonably have been raised and preserved before or during his trial proceedings; (2) trial court errors, including denial of appointed counsel, that, he alleged, could not effectively have been raised and preserved during the trial proceedings; (3) ineffective assistance of appellate counsel; and (4) actual innocence. Defendant filed a motion pursuant to ORCP 21 A(8) to dismiss the petition for failure to state ultimate facts sufficient to constitute post-conviction claims. Defendant contended that petitioner's 36-page handwritten petition identified the 'facts of the case' but made no cognizable legal claims; that petitioner 'was aware' of the facts that he alleged and reasonably could have litigated them at the time of trial; that his claims of inadequate assistance of appellate counsel stated only what counsel had failed to do and not 'ultimate facts,' and did not articulate how the failures prejudiced petitioner; and that actual innocence is not a claim for relief under Oregon law.
"Petitioner was represented by counsel at that time, and, although the pro se petition at issue requested a hearing, counsel did not request a hearing on defendant's motion, and, as defendant recognizes, the post-conviction court did not grant a hearing. Instead, the court found defendant's arguments persuasive, adopted them, and granted defendant's motion. Subsequently, the court entered a general judgment dismissing the action 'with prejudice.' As defendant concedes, dismissal of the action 'with prejudice' was error. ORS 138.525(4)."
Dillard II , 362 Or. at 43-44, 403 P.3d 746.
In defendant's motion to dismiss, defendant requested that the court enter the dismissal "with prejudice." Counsel for petitioner filed a response to defendant's motion to dismiss in which petitioner contested defendant's substantive challenges, but petitioner did not object to, or otherwise *802 address, defendant's request to enter a dismissal with prejudice.
In December 2013, the post-conviction court sent a letter opinion to counsel for petitioner and defendant. The letter opinion informed the parties that it was granting defendant's motion to dismiss and adopting defendant's arguments made in its motion as the basis for its ruling. The letter opinion did not indicate whether the dismissal would be with or without prejudice. The court entered a general judgment of dismissal on January 6, 2014, dismissing the petition with prejudice.
On appeal, in his second assignment of error, petitioner argues that the court erred in dismissing his petition with prejudice without first holding a hearing.[2] Petitioner acknowledges that he did not preserve that claim of error below, but he argues that preservation is not required because "the error itself occurred through petitioner's absence."
*612 Alternatively, petitioner argues that the error is plain and that we should exercise our discretion to correct it.
Defendant does not present an argument that dismissal with prejudice without first holding a hearing as required by ORS 138.525(4) was correct on the merits. Indeed, defendant conceded before the Supreme Court, and the court concluded, that the post-conviction court erred in dismissing petitioner's case "with prejudice." Dillard II , 362 Or. at 44, 403 P.3d 746. Defendant nevertheless argues that petitioner was obligated to preserve the claim of error and failed to do so. According to defendant, petitioner was on notice that defendant was seeking a dismissal with prejudice but did not request a hearing or otherwise alert the court that he was objecting.[3] Finally, defendant argues that, should we *803 determine that the post-conviction court erred in entering a judgment of dismissal "with prejudice" without first holding a hearing, the proper remedy is to remand for entry of a judgment dismissing without prejudice.
Appellate review of post-conviction proceedings is limited to questions of law appearing on the record. ORS 138.650(1) ; former ORS 138.220 (2013), repealed by Or. Laws 2017, ch. 529, § 26;[4] Yeager v. Maass , 93 Or. App. 561, 564, 763 P.2d 184 (1988), rev. den. , 307 Or. 340, 768 P.2d 400 (1989). Whether ORS 138.525 allows a meritless petition to be dismissed "with prejudice" without first holding a hearing is a question of law. See State v. Thompson , 328 Or. 248, 257, 971 P.2d 879, cert. den. , 527 U.S. 1042, 119 S.Ct. 2407, 144 L.Ed.2d 805 (1999) (reviewing a trial court's interpretation of the joinder statute for legal errors).
Beginning with preservation, we agree with petitioner that this is the type of error for which preservation is not required. See Peeples v. Lampert , 345 Or. 209, 220, 191 P.3d 637 (2008) ("In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue."). Although defendant may have put petitioner on notice that he was asking the post-conviction court to dismiss petitioner's claims "with prejudice," petitioner was not put on notice of the error at issue-namely, that the post-conviction court intended to dismiss his action without a hearing and with prejudice -until the judgment was actually entered. The court's letter opinion indicated that it was dismissing petitioner's claims, and petitioner could reasonably have inferred that dismissal would be entered "without prejudice" because the court indicated in the letter that it was not holding a hearing. Because the error appeared for the first time in the judgment, the error qualifies as a circumstance in which preservation is not required. See State v. Selmer , 231 Or. App. 31, 33-35, 217 P.3d 1092 (2009), rev. den. , 347 Or. 608, 226 P.3d 43 (2010) (concluding that ordinary preservation principles do not apply where the error appeared for the first time in the judgment).
*804 We now turn to the merits, as the Supreme Court concluded, the post-conviction court erred when it dismissed petitioner's action "with prejudice" without holding a hearing. See ORS 138.525(4) ("A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel."); Ware v. Hall , 342 Or. 444, 453, 154 P.3d 118 (2007) ("[N]othing suggests that a court may dismiss a meritless post-conviction petition with prejudice if the petitioner has counsel but not some kind of a hearing." (Emphasis in original.)).
The final issue is the proper remedy. In Ware , without holding a hearing, the post-conviction court dismissed the petition under ORS 138.550(3), which bars successive petitions. Id . at 447, 154 P.3d 118. The effect of entering the general judgment was to dismiss *613 the petitioner's claims "with prejudice." Id . (explaining that under ORS 18.082(3), "entering a general judgment dismisses claims for relief with prejudice unless the court notes that it is dismissing those claims without prejudice"). The Supreme Court looked to the legislative intent of ORS 138.550(3) and ORS 138.525 and concluded that the post-conviction court erred when it dismissed the petition with prejudice without first holding a hearing. Id. at 448-53, 154 P.3d 118. The court declined the defendant's request to affirm on other grounds, and remanded for the post-conviction court to either hold a hearing on defendant's motion to dismiss or enter a judgment dismissing "without prejudice." Id. at 453-54, 154 P.3d 118.
Defendant asks that we depart from that approach and instead remand for entry of a judgment dismissing without prejudice, but we see no reason to do so. This case comes to us in the same procedural posture as Ware , in which the post-conviction court failed to follow the required statutory procedures in dismissing the petition, and the court here should have the option to hold a hearing on defendant's motion; indeed, in this case, the court may elect for prudential reasons to hold a hearing on the merits if it intends to dismiss the action with prejudice.
Reversed and remanded.

ORS 138.525 provides:
"(1) The court may, on its own motion or on the motion of the defendant, enter a judgment denying a meritless petition brought under ORS 138.510 to 138.680.
"(2) As used in this section, 'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.
"(3) Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable.
"(4) A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel."

Because the statute is dispositive, we do not address petitioner's additional argument that his due process rights under the United States Constitution were violated when the PCR court dismissed his action without holding a hearing. See State v. Kennedy , 295 Or. 260, 262, 666 P.2d 1316 (1983) ("[A]ll questions of state law [should] be considered and disposed of before reading a claim that this state's law falls short of a standard imposed by the federal constitution on all states.").

Defendant also advances an argument that any error is harmless. However, we do not agree that a judgment dismissing an action "with prejudice" could be harmless when the legal effect of such a dismissal is to preclude petitioner from filing an amended petition. We reject that argument without further discussion.

Former ORS 138.220 (2013) was repealed in 2017 by Senate Bill (SB) 896. Or. Laws 2017, ch. 529, § 26. Because the judgment in this case was entered before the January 1, 2018, effective date of SB 896, its provisions do not apply. Or. Laws 2017, ch. 529, § 28 (providing that SB 896 applies "on appeal from a judgment or order entered by the trial court on or after the effective date of this 2017 Act").